## Case No. 13,017.

### SMITH v. BURLINGAME.

[4 Mason, 121.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1825.

INSANITY—GUARDIAN—POWER TO APPOINT—NOTICE.

The courts of probate of Rhode Island cannot appoint a guardian of a person, as incapable of taking care of her estate, under the statute of 1798 (page 316), without notice to the party and an adjudication on the facts.

[Cited in North v. Joslin, 59 Mich. 647, 26 N. W. 810.]

Trespass and ejectment [by Mary Smith against Stephen Burlingame]. Plea, general issue. At the trial the defendant claimed title to the premises under a lease made by one Joseph Cady, as guardian of the plaintiff, appointed under the laws of Rhode Island, which authorize the courts of probate "to appoint guardians of all persons who are delirious, distracted, or non compos mentis, or who, for want of discretion in managing their estates, are likely to bring themselves and families to want and misery." Dig. R. I. Laws 1798, p. 316, § 2. It was under this latter clause that Cady was appointed guardian by the court of probate; but no notice was given to the plaintiff previous to such appointment.

----

[1] [Reported by William P. Mason, Esq.]

Steere & Searle, for plaintiff, contended that, independent of all other objections to the appointment,—and they were prepared to make others,—the want of notice was a fatal objection, and had been so held in other states under statutes giving courts of probate a like authority.

Whipple & Tibbets, for defendant, argued e contra.

STORY, Circuit Justice. My opinion is, that the objection is fatal. The courts of probate have no right to put a person under guardianship, as unfit to manage her affairs, without notice to the party, and an adjudication on the facts; and until such adjudication, no letters of guardianship can legally be issued. The case of Chase v. Hathaway, 14 Mass. 222, is directly in point, and with that case I entirely concur.

Verdict for the plaintiff.