## ISAAC HATHAWAY, in Error, *versus* JOSEPH CLARK 3d.

A decree of a judge of probate, that a person is *non compos mentis*, or appointing a guardian over him for that cause, without notice, is absolutely void; and where the probate records are apparently entire, and no loss of papers in the probate office is suggested, it cannot be presumed, even after the lapse of thirty years, that any decrée was passed, adjudging a person to be *non compos*, or any notice given, which does not appear.

THIS writ was brought to reverse the judgment of the Court of Common Pleas, rendered at April term 1826, in favor of the defendant in error against the plaintiff in error. The error assigned is, that the original defendant, at the time of the service of the writ upon him (March 27, 1826) and of the rendition of judgment against him, was under guardianship as a person *non compos mentis*, and that no notice of the pendency of the suit was ever given to the guardian. The guardianship is traversed, and issue taken thereon. The cause was tried before *Morton* J.

To prove that the plaintiff in error was under guardianship, the records of the Probate Court were produced. From them it appears, that in 1793, a representation was made to the judge of probate, that the plaintiff in error was *non compos*; that the judge directed the selectmen of the town in which he resided to make inquisition thereinto; that the selectmen adjudged him to be *non compos*, and made return of their proceedings to the judge of probate; and that a letter of guardianship thereupon issued. It also appears, that several new guardians were subsequently appointed in the place of others who had died or resigned, and that the several guardians had returned inventories of their ward's estate and made settlements in the probate office.

But it does not anywhere appear, that the person represented to be *non compos* ever had notice of the inquisition of the selectmen, or of the proceedings of the Probate Court upon the return of the inquisition. Nor do the records of that court show any adjudication that he was *non compos*, or any decree appointing a guardian. The only evidence of this is contained in the recital in the letter of guardianship.

A verdict was taken for the plaintiff in error, subject to the opinion of the whole Court, whether the above evidence is sufficient to support his action or not.

*Baylies* now relied on *Chase v. Hathaway*, 14 Mass. R. 222, as showing that the guardianship was void for want of notice to the person supposed to be *non compos*, and consequently that the judgment was properly rendered.

*Eddy*, for the plaintiff in error, said it was sufficient that there was a guardian *de facto*; *White* y. *Palmer*, 4 Mass. R. 149 ; that it was not necessary that it should appear on the records that notice had been given, but after the lapse of thirty years the fact should be presumed ; *Brown* v. *Wood*, 17 Mass. R. 68 ; that the guardianship was voidable only, and a third person could not traverse the inquisition, nor even the ward himself, after so long an acquiescence. *Shirley v. Lunenburg*, 11 Mass. R. 379 ; *Oliver v. Houdlet*, 13 Mass. R. 239 ; *Nightingale* v. *Withington*, 15 Mass. R. 274 ; *Cobb v. Kingman*, ibid. 197 ; *Smith* v. *Rice*, 11 Mass. R. 507 ; 7 Bac. Abr. 67, *Void &c.*, *C* ; *Armstrong* v. *Short*, 1 Ruf fin, 11.

Morton J. delivered the opinion of the Court. As the records apparently are entire and no loss of any of the papers in the probate office is suggested, we cannot, even after the lapse of more than thirty years, presume that any decree passed, or that any notice was given, which does not appear.

Notice to the person to be affected by the inquisition of the selectmen, and especially by the adjudication of the Probate Court, is essential to the validity of the proceedings of that court.[1] Any judgment or decree that a person is *non compos*, or appointing a guardian for that cause, without notice, is absolutely void. *Chase* v. *Hathaway*, 14 Mass. R. 222. The guardianship for the above reasons being held to be void, .he plaintiff in error has failed to prove the error assigned, and the judgment of the Court of Common Pleas must be affirmed.