GIDEON HAMILTON, Appellant, *v.* COURT OF PROBATE OF NORTH PROVIDENCE.

In case of an application to a court of probate to appoint a guardian of a person of full age, the intended ward is the only person necessary to be notified, although it may be advisable, in certain cases, to notify others.

APPEAL from a decree of the Court of Probate of the town of North Providence, appointing a guardian of Gideon Hamilton, a person of full age.

At the trial of the appeal at the present term of the Supreme Court, before Mr. Justice Durfee, and a jury, the appellant moved to dismiss the appeal, for want of sufficient notice, and the court granted the motion, and exceptions were duly taken to the ruling of the court. The facts of the case are fully stated in the opinion of the court.

*B. N. and S. S. Lapham, for the appellee,* in support of the motion, cited Rev. Stat. Ch. 152, § 4; Digest of 1844, p. 274, · § 9 ; *Tillinghast* v. *Holbrook,* 7 R. I. 230 ; *Chace* v. *Hathaway,* 14 Mass. 22 ; General Statutes of Massachusetts, p. 543, § 8.

*Brown & Van Slyck, for appellants, contra.*

POTTER, J. This is an appeal from the Court of Probate of North Providence. The appeal was tried in this court, and now comes up on exceptions to the rulings of the judge.

It appears by the papers, or admissions of the parties, that Gideon Hamilton, the intended ward, was a person of full age, had a wife, and several children. All the children signed the

application to the court but one, and no personal notice was given to this son or to the wife. The only notice given was by serving a citation on the intended ward, and by putting up a notice to all persons interested, in the Town Clerk's office. No notice was posted in any other place. The record shows that the intended ward appeared before the court.

The appellant moved to dismiss the appeal for want of sufficient notice. The court granted the motion, and to this, exception is taken. The Revised Statutes, chapter 152, prescribes the mode of notice in these cases, and this may be, either, 1st, by serving a citation on all known parties interested ; 2d, by advertisement in a newspaper ; 3d, by causing the clerk of the court to post up such notice in some conspicuous place in his office, or in the place at which the court usually meets, *and in one other* public place, etc., etc.

No notice was ordered in the second mode ; and the order purporting to be made under the third provision, directed only a notice in the clerk's office, and no other was posted up. No legal notice, therefore, was given, unless the service of the citation upon the intended ward was a sufficient notice. It is objected, that that is not sufficient, because the wife and son are interested parties, and were not notified.

We think that the citation served on the intended ward, constituted a sufficient legal notice.

In the case of a wife, the husband may be said to be interested, because she is, to a certain extent, under his guardianship. See *Tillinghast, administrator,* v. *Holbrook,* 7 R. I. 245–7. So, in the case of a minor, the father, if living, or in case of his death, the mother, if living, (in some cases,) for nurture. But in the case of an adult, his wife has only a right of dower, which is not affected by the guardianship. She, if he dies intestate, is entitled to a share of the personal property ; but the right to make a will is not affected by the guardianship. And a son, merely as a son, has only an expectancy in a father's estate, which cannot be said to be an interest, in a legal sense. The children and grand-children, parents and grand-parents, of an intended ward, are indeed liable, in certain cases, (Revised

Statutes, Ch. 50, § 6, page 136,) for his support, but we do not think this such an interest as contemplated by the statute.

The Digest of 1844, page 274, section 9, of an Act respecting guardians, contained a provision, that in case of an application for guardianship of a minor, the minor and his parents should be deemed the only parties interested, and that in the case of a person of full age, he himself should be deemed an interested party, together with such others as the Court of Probate should adjudge to be interested. Under this provision, the Court of Probate, in the case of a person of full age, were not obliged to notify any other person than the intended ward himself, but might notify others in their discretion. And it is contended that as this provision was omitted in the Revised Statutes of 1857, the legislature intended to withdraw this discretion, and to require positively that all parties interested should be notified, and that the wife and son are so interested. Being of opinion, as we have said, that the wife and son are not interested parties in the sense of the law, we do not think that the omission of this clause has altered the law in that respect.

The legislature have made a general provision in the present Revised Statutes, requiring notice to all known parties interested, and they may have considered the provisions of the law of 1844 unnecessary.

On looking into the cases which have arisen under similar statutes in other States, we cannot find that it has ever been insisted that it was necessary to notify any other person than the intended ward himself. The cases of *Chase* v. *Hathaway*, 14 Mass. 222; *Wait* v. *Maxwell*, 5 Pick. 117; *Hathaway* v. *Clark*, 5 Pick. 490, and *Conkey* v. *Kingman*, 24 Pick. 115, were cases where the ward himself had not been notified; the Court of Probate taking what they considered a common sense view of the case, that if the person was insane, or *non compos*, notice was of no use,—thus, in effect, prejudging the case.

*Smith* v. *Burlingame*, 4 Mason, 121, was also a case under the Rhode Island statute, where the intended ward (*non compos*) had not been notified, and in which Judge Story cites and approves of the decision in *Chase* v. *Hathaway*. But in none of

these cases was it suggested that notice to any other person was necessary.

We do not mean to say, however, that in such a case it may not be advisable to notify the family of the proposed ward. The power of putting a person of full age under guardianship is a great power, and to be exercised with great caution; and no ground should be afforded for even a suspicion, that it was intended to keep the proceedings secret from any member of his family, or to prevent their being heard before the court.

*New trial granted.*