MARY J. GANNON, Appellant, *vs.* MICHAEL DOYLE, Appellee.

In a petition to a probate court for the appointment of a guardian, the reason for the appointment should be set forth.

In a petition for the appointment of a guardian to a person of full age, the intended ward is the only person entitled to notice. Hence the wife of such person cannot appeal from the decree of the probate court appointing a guardian, she not being a party to the proceeding. Only a party to a proceeding can be deemed " aggrieved" by a judgment rendered in it.

APPEAL from a decree of the Municipal Court of the city of Providence sitting as a court of probate.

April 16, 1889, a petition in the words following was presented to the Municipal Court of the city of Providence :

" The undersigned, Dennis Gilouglay, of the city of Providence, a brother of one Michael Gannon, of said Providence, hereby requests that Michael Doyle, of said Providence, or some other suitable person, may be appointed guardian of the person and estate of said Michael Gannon, who is now confined in the Butler Hospital for the Insane as a person of unsound mind.

" DENNIS GILOUGLAY,
" *By his attorneys, Wilson & Jenckes.*"

A citation issued and was personally served on Gannon.

May 1, 1889, the Municipal Court adjudged Gannon to be of unsound mind, and appointed Doyle guardian of his person and estate. Mary J. Gannon, wife of Michael Gannon, appealed from the decree of the Municipal Court, and filed her appeal in this court May 21, 1889. After hearings this court gave the following opinions.

*December* 21, 1889. PER CURIAM. The court is of the opinion that the appellant is entitled to have the ground on which the appointment of a guardian is asked set forth in the application

therefor, so that she may know the nature of the case which she will have to meet, and that, therefore, the application must be amended so as to set forth the same, or else be dismissed.

This decision rests on the assumption that the appellant had the right to take the appeal, but see *Hamilton* v. *Court of Probate of North Providence*, 9 R. I. 204.

*February* 21, 1890. PER CURIAM. We think the appeal cannot be sustained consistently with *Hamilton* v. *Court of Probate of North Providence*, 9 R. I. 204. In that case the court held that, in a proceeding like this, the intended ward, being a person of full age, is the only person entitled to notice, his wife or children not being interested parties. The rule is, that only parties can appeal. Our attention is drawn to the language of the statute giving appeals in probate proceedings, Pub. Stat. R. I. cap. 181, § 1. The language is, " any person aggrieved by any order, determination, or decree of any court of probate may . . . appeal therefrom." The contention is, that to entitle a person to appeal it is not necessary that he should be a party, but that it is enough that he is aggrieved. We think, however, that in contemplation of law, a person cannot be deemed to be aggrieved by a judgment in a proceeding in which he is not interested. *Veazie Bank* v. *Young*, 53 Me. 555; *Labar* v. *Nichols*, 23 Mich. 310. This appeal should be dismissed as not lawfully taken.