## KAWAI K. GEORGE *vs.* HANAKAULANI HOLT.

EXCEPTIONS.

HEARING, MARCH 22, 1893. DECISION, APRIL 6, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Where a former judgment is claimed as an estoppel, the record must show that the issue was the same in both cases, and that the party claimed to be estopped is either the same or is in privity with the party in the former adjudication.

The principle of *Keahi vs. Bishop*, 3 Haw., 546, does not apply to the present case.

OPINION OF THE COURT, BY JUDD, C.J.

At the July Term, 1892, of this Court an action of eject-ment was tried wherein Mrs. Hanakaulani Holt recovered of one Keolo (w) a piece of land situate on Queen street, Hono-lulu, being a portion of the land described in Royal Patent No. 1730 to Kekuhaupio.

Thereafter one Kawai K. George brought an action of eject-ment against Mrs. Hanakaulani Holt to recover possession of land under the same Royal Patent. The jury having disagreed at the October Term, 1892, the case came up for trial at the February Term, 1893, of the Circuit Court, First Circuit, Whiting, Judge, under the Judiciary Act of 1892. During the progress of the trial, Mr. A. Rosa offered in evidence for the defense the record in the case of *Hanakaulani Holt vs. Keolo*, numbered 3134, and requested the Court to charge the jury that "The question of the pedigree of the plaintiff Kawai K. George having been adjudicated upon in the case of *Hana-kaulani Holt vs. Keolo* on the 13th July, 1892, before the Su-preme Court of the Hawaiian Islands, the plaintiff cannot set up his claim in this case where it is based on the same claim,

because he is estopped from doing so." This was refused, and the correctness of the ruling is the question raised by the bill of exceptions, the jury having found a verdict for the plaintiff.

The main issue in the present case was whether Kamalo (the mother of defendant, Mrs. Holt) was the daughter of Kapu by Paele (w), as claimed by defendant, or of some other man by Paele, as claimed by plaintiff. Both plaintiff and defendant claimed through the said Kapu, plaintiff's claim being that he was the grand-nephew of Kapu. If Mrs. Holt was the grand-daughter of Kapu, through Kamalo, she would take in preference to Kawai K. George, a grand-nephew. It was therefore essential to plaintiff's case to show not only his own relationship, but to disprove Mrs. Holt's.

On referring to the record in the case of *Hanakaulani Holt vs. Keolo*, No. 3134, we find that the declaration seeks to recover a portion of the land described in Royal Patent No. 1730 to Kekuhaupio, but the survey attached to the declaration and the one introduced in the case of *Kawai George vs. Mrs. Holt* differ, the former survey calling for 2020 square feet and the latter calling for 9158.7 square feet. But as the identity of the subject matter was not questioned, we may assume that the present suit is to obtain possession of all the land that was recovered by Mrs. Holt of Keolo and more, both surveys being for land originally granted by Royal Patent No. 1730.

We are asked to hold that the former suit between Mrs. Holt and Keolo settled conclusively the title of Mrs. Holt to the land, based upon her relationship to Kapu, and that it is now *res adjudicata* and cannot be questioned by Kawai George in his suit against Mrs. Holt. Counsel for Mrs. Holt says that Kawai George is a privy in estate with Keolo, Keolo being Kawai George's tenant by sufferance. We are aware that a judgment between parties binds not only the parties, but those claiming under or through the parties, and therefore judgments conclude parties and privies in blood, in law, and in estate. "All privies, whether in estate, in blood or in law,

are estopped from litigating that which is conclusive upon him with whom they are in privity;" 1 *Herman, Estoppel and Res Judicata,* Sections 139 and 145. But we are unable to apply this rule of law to the present case. In the first place, the plea of the defendant Keolo in the former adjudication was the general issue, merely denying all the allegations in the plaintiff's declaration. Secondly, the evidence is not set out in that case, and there is nothing in the case to show how Keolo claimed to defend her possession, whether in her own right, or under Kawai George, or whether she set up a title by prescription.

The only feature that throws any light upon the matter is the evidence in the present case, page 34 of the stenographer's notes. Here Kawai K. George, plaintiff, in cross-examination, says that he sat in Court during the trial over this land between Mrs. Holt and Keolo, and gave evidence of his own pedigree, being a witness in behalf of Keolo, and gave his pedigree substantially as he gave it in the present case; and that his mother gave the same pedigree, and that the pedigree of Mrs. Holt to Kapu was also given at that trial, and that the result was a verdict for Mrs. Holt, giving her possession of the land. Now this may be all true, but, to establish an estoppel, the prior record must show the facts so that the Court can perceive the privity of the prior defendant with the present plaintiff. In this respect the record fails. We have nothing but the bare statement of adverse counsel that Keolo defended the action on the ground that she was the tenant by sufferance of Kawai George, whose title by inheritance she set up against Mrs. Holt's claim. And without expressing an opinion as to whether, if such was the fact, this would make Kawai George privy to the former action and estop his present claim, we do not find the estoppel *proved,* and so cannot sustain the exception. If the former judgment had been pleaded in bar the matter would have been presented to the Court in better shape.

The counsel for defendant refers us to the case of *Keahi vs. Bishop,* 3 Haw., 546, where the principle of law is adopted

that " the adjudication of a question of descent or pedigree
will be binding not only in the proceedings in which they
take place, but in every other in which the same question is
agitated, and the mode in which the question is brought be-
fore the Court is immaterial." By reference to the cases
from which this principle is drawn it will be found that the
adjudication must be in a Court of peculiar jurisdiction as
Probate, Ecclesiastical or Admiralty Courts, which have ab-
solute jurisdiction over the subject matter and where their
judgments, the proceedings being *in rem* or in the nature of
proceedings *in rem*, are evidence against all the world of the
matters adjudicated. See Bigelow, Estoppel, p. 158, and cases
cited.

This rule will not apply to judgments in cases between
parties. Here the parties must be the same or privy thereto
in order to bind them. In *Castle vs. Noyes,* 14 N. Y. 332,
cited by defendant's counsel, it was held that " an estoppel
by judgment includes all parties who have a right to appear
and control the action and to appeal from the judgment
though not a party to the record." Kawai George was not a
party in the former case and there is nothing in the record to
show that he had a right to appear and to appeal from the
judgment.

We are obliged therefore to hold that the Circuit Court
committed no error in refusing to sustain the estoppel
claimed, and the exceptions are overruled.

·  *A. S. Hartwell,* for plaintiff.

*A. Rosa,* for defendant.