## HENRY SMITH v. HAMAKUA MILL COMPANY, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 28, 1900.   DECIDED JANUARY 18, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The probate court did not have jurisdiction in 1871 to declare the heirs of a decedent in a proceeding instituted for that purpose. as distinguished from a proceeding for the distribution of property, nor did it have jurisdiction to decree a distribution of real property.

An adjudication of a question of heirship or relationship in a proceeding in probate for a distribution of personal property is not binding in a subsequent action of ejectment with respect to real property as to one who did not appear as a party or claimant, though she appeared as a witness, in the probate proceedings.

OPINION OF THE COURT BY FREAR, C.J.

This is an action of ejectment for an undivided one-fourth of the ahupuaa of Koholalele, situated at Hamakua, Hawaii, and covered by Royal Patent 4527, L. C. A. 26B, to Kailakanoa,

now called Kailikanoa. The plaintiff claimed title by conveyance from Keala Koiula and Aalaioa and set up that these had title by descent from Kapehe, she by descent from Huakini, and he by descent from Kailikanoa, the awardee and patentee.

The defendant pleaded in bar a former judgment in substance that on the 17th day of January, 1871, Chief Justice Allen, of the Hawaiian Supreme Court, sitting in probate, decreed, after a hearing on the petition of P. Nahaolelua, administrator of the estate of Kailikanoa, for allowance of his accounts and a declaration of the heirs of the estate, that the accounts be allowed and the administrator discharged, and that said P. Nahaolelua as half brother, and Hoomana as wife, were the heirs of Huakini, and therefore in effect that Kapehe was not an heir of Huakini. The proceedings in the matter of the estate of Kailikanoa are made a part of the plea.

The plaintiff replied denying, among other things, that P. Nahaolelua was the duly appointed administrator of the estate of Kailikanoa, that notice of the hearing of his petition was given by publication or otherwise to Kapehe, that Kapehe was a party or claimant at the hearing, that any valid decree was made, or that Kapehe's claim of heirship was disallowed, and alleging in substance, among other things, that Kailikanoa died in 1856, and that the real property then descended to Huakini, that Huakini was appointed administrator by the Supreme Court in 1857, and that after his death P. Nahaolelua was appointed administrator in his place by a Circuit Judge of the Island of Hawaii in 1862, that there was then no personal property of Kailikanoa to be administered upon and no unpaid debts, that the Circuit Judge had no jurisdiction to make such appointment, both because there was no personal estate and because the Supreme Court had taken jurisdiction, that there was no petition for a declaration of the heirs of the real estate, that there was no petition for a declaration of the heirs of Huakini, and that therefore the decree as to his heirs was void because not responsive to the petition which was for a declaration of the heirs of Kailikanoa, that Kapehe was not a party to

the proceedings, that she was a married woman, that her address was known to P. Nahaolelua, but that no personal service was made on her; that the published notice did not conform to the rules of court in that the last publication was less than two weeks previous to the day of hearing; that P. Nahaolelua was not, but that Kapehe was of the blood of Kailikanoa, and the plain-tiff claims that the Supreme Court had no jurisdiction over Kapehe, or to approve the accounts of P. Nahaolelua, as admin-istrator, or over the real estate, or to declare the heirs of Kaili-kanoa or of Huakini.

The defendant filed a joinder to the effect that the plea was sufficient, notwithstanding the replication.

In brief, the defendant pleads a former adjudication adverse to the heirship of Kapehe through whom the plaintiff claims, and the plaintiff replies in substance that there was no such adjudication binding on Kapehe.

It will be unnecessary to consider all the questions raised in regard to the validity of the proceedings had in the matter of the estate of Kailikanoa.

The Probate Judge had no jurisdiction either to declare the heirs of Kailikanoa in a dircet proceeding instituted for that pur-pose as distinguished from a proceeding for the distribution of the estate or a portion thereof (see as to this distinction *Moss-man v. Hawaiian Government*, 10 Haw. 426, 432), or to make a distribution of the real estate.

Consequently, assuming that the petitioner was the duly appointed administrator of Kailikanoa's estate, that there was in his hands personal estate of the decedent to be distributed, that there was a sufficient petition for its distribution and a sufficient notice of the hearing, that the Chief Justice had jurisdiction to act, that an adjudication of heirship as to the personal prop-erty was made and that such adjudication is binding as to its subject matter, the personal property, the question remains whether such adjudication of heirship in probate with respect to the personal property is binding upon the plaintiff in this action of ejectment with respect to the real property.

Whether it would be binding if Kapehe, through whom the plaintiff claims, appeared as a party in the probate proceedings is a question upon which there might be some difference of opinion (see *Mossman v. Hawaiian Government, supra,* 432), but that it would not be binding unless she did appear as a party in those proceedings is settled by the decision in that case, and in our opinion she did not so appear.

Let us assume that she could appear alone and be bound as a party, though she was a married woman. The proceedings occurred before the passage of the Married Women's Act. The record makes no mention of her husband, although it shows that Hanakaulani Holt, who was a party, and who claimed under the same relationship as that in which Kapehe stood, was associated with her husband in those proceedings.

The record does not show that Kapehe appeared as a party. The clerk's minutes of December 31, 1870, the first day of the hearing show, "Petitioner is present with R. G. Davis. H. Thompson for Mrs. Holt. W. C. Jones for John A. Simmons." There was no reference to Kapehe. When the accounts had been disposed of and the matter of heirship came up, according to the minutes, counsel stated the claims of Simmons, Mrs. Holt and the petitioner, but did not state any claim of Kapehe. The minutes of January 5, 1871, to which day the matter had been continued after some testimony had been taken, show, "Hoomana (w.) appears and says—she claims through her husband."

There is no reference whatever in the record of any appearance or claim of or on behalf of Kapehe.

True, she appeared as a witness, having been called as such by the petitioner, and recalled by counsel for Mrs. Holt, and testified as to matters of relationship. But she made no claim for herself. The fact that she was called as a witness by one who was claiming adversely to her interests tends to support the view that she was present not as a party or claimant, but merely as a witness. Mere presence in court or acting as a witness would not constitute appearance as a party, so as to bind her with respect to matters not the direct subject of the particular pro-

ceedings even though she might have appeared as a party in interest or of record in such proceedings if she had wished to so appear. *George v. Holt*, 9 Haw. 49; *Wright v. Andrews*, 130 Mass. 149; *Schroeder v. Lahrman*, 26 Minn. 87. In *Wright v. Andrews*, the defendant was held not bound by a judgment in a former suit even in respect to the particular subject matter involved in the former suit, because he was not served with notice and did not appear as a party, though he was expressly named as a defendant, and his property was involved and he appeared as a witness. So here Kapehe might be held bound as to the particular property involved on the assumption that she had notice through publication, but she could not be held bound as to other property on the ground that she appeared as a witness, so long as she did not appear as a party or claimant.

It is true also, that the minutes show that the attorney, Mr. Thompson, said in his argument, "We claim the rightful heirs are Mrs. O. Holt and Kapehe." This is not sufficient, at least, in view of the rest of the record, to show that Kapehe was a party, or that Mr. Thompson was acting as her attorney. Inasmuch as Mrs. Holt stood in the same relation as Kapehe to the decedent, so that if one were heir the other would be also, as the undisputed evidence showed, the attorney could not but have mentioned the one, Kapehe, in urging the claim of the other, Mrs. Holt, whose attorney he was. He was entered on the minutes as counsel for Mrs. Holt alone. He signed the notice of appeal, "Henry Thompson, attorney for H. Holt and her husband, Owen J. Holt," and his motion for a jury trial was signed, "Hanakaulani Holt and Owen J. Holt, by their attorney, Henry Thompson." There is nothing to show that he stated the claim for Kapehe by her authority, or that she knew that he stated it at all.

The Chief Justice in his opinion speaks of "several persons claiming," referring to all the claimants, but speaks of the "claimant," not "claimants," when referring to the argument of counsel for Simmons or Mrs. Holt, it does not clearly appear which. On appeal, *Estate of Kailikanoa*, 3 Haw. 461, the full

court says: "Mrs. Holt is not the sole heir in any event, as Kapehe's claim is of like degree," but this was apparent on the evidence, and does not necessarily show that Kapehe presented or made any claim, and on the previous page, in the statement of the case, which was prepared or revised by the Justice who wrote the opinion, we find these significant words with reference to the decree appealed from: "This decree was opposed by Mrs. Hanakaulani Holt and by John A. Simmons. From this decree, Mrs. Holt's counsel, February 4th, filed a notice of appeal." Kapehe was not mentioned in this connection.

The exceptions to the ruling of the Circuit Court sustaining the plea in bar are sustained, the said ruling is reversed and the case remanded to the Circuit Court for further proceedings, conformable with the foregoing opinion.

*Lyle A. Dickey* for plaintiff.

*C. Brown* for defendant.