JOHN A. BATTEY *vs.* ERNEST MATHEWSON, Admr.

PROVIDENCE—JANUARY 10, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Probate Law and Practice. Administration. Appeals. Amendments.*

While the court, in the Division appealed to, has the power, under Gen. Laws cap. 248, § 6, to grant amendments to reasons of appeal from decrees of Probate Courts, it may rightfully refuse to do so where the reasons, as amended, would not state a case.

(2) *Probate Law and Practice. Husband as Administrator of Wife.*

Where the husband is under no disability he is entitled as of course, under Gen. Laws cap. 212, § 9, to administration of the personal estate of his wife, deceased intestate.

PROBATE APPEAL. Heard on petition of appellant for new trial, and petition dismissed.

(1) STINESS, C. J. The husband of Mabel Battey Mathewson, deceased, was appointed administrator of her estate, and her father appealed from the decree of appointment. The appeal was dismissed in the Common Pleas Division, and the appellant asks for a new trial. The record shows that the case was heard on a motion to amend the reasons of appeal, and

dismissed. We find no written motion showing what amendment was proposed, nor any statement of it in the petition for a new trial.

The appellant's brief assumes that he was both father and creditor of the deceased, and we may infer that such was the nature of the amendment. The court had power to grant such amendment, Gen. Laws cap. 248, § 6, but of course it would not do so if the reasons of appeal, as amended, would not state a case. The only ground alleged for a new trial is that the dismissal was contrary to law. We think that the appeal was properly dismissed.

(2)    Gen. Laws, cap. 212, § 9, says that a husband shall be entitled as of course to administration of the personal estate of his wife in case of her intestacy. In *Weaver* v. *Chace*, 5 R. I. 356, this right was held to extend even to a non-resident husband. There may be cases where a husband cannot administer. Such a possibility was recognized in *Kenyon* v. *Saunders*, 18 R. I. 590, where the husband was a convict in the state prison; and it was also suggested that a husband might be absent, *non compos*, or under disability which would render administration by him impossible. In such case, of course, another could be appointed. But neither the record in this case nor any suggested amendment shows anything to defeat the husband's right. It does not appear that there was a will, or that the husband is under any disability which would deprive him of the right given to him by statute. This being so, there was nothing to try. The appeal could have no effect, and hence the appellant is not in law aggrieved. The mere fact that he is father or creditor of the deceased could not affect the right of appointment.

The appeal was therefore properly dismissed, as not lawfully taken. *Gannon* v. *Doyle*, 16 R. I. 726.

Petition dismissed.

*Franklin P. Owen*, for appellant.
*Charles A. Wilson*, for appellee.