# IN THE MATTER OF THE ESTATE OF WILLIAM BRASH, Deceased.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

### SUBMITTED DECEMBER 2, 1903.    DECIDED JANUARY 15, 1904.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

An adjudication that a person is of unsound mind and unable to take care of her property and an appointment of a guardian of her person and property, are null and void, where no notice of the proceedings or opportunity to be heard is given to the supposed insane person.

### OPINION OF THE COURT BY PERRY, J.

Under the title, "In the Matter of the Estate of William Brash, Deceased, Probate 152", Susan Brash, who is claimed by the appellant to be a person of unsound mind and of whose person and property the appellant claims to be guardian, on September 19, 1902, filed, before the Circuit Judge at Chambers, in Probate, an affidavit and petition in which she avers *inter alia,* "that said J. Alfred Magoon" (appellant) "was, as she is informed and believes, never legally appointed her guardian and that she does not wish him to act in that or in any other capacity for her" and prays, in part, that Mr. Magoon render a final account and deliver forthwith to her all personal property to which she is entitled under the will of her father. The Circuit Judge rendered a decree declaring that a legal guardianship

over the person and estate of the petitioner has never existed and further declaring Mr. Magoon to be the trustee of the petitioner and ordering him as such trustee to render an account of his receipts and disbursements and to deliver to such person as the court might designate all property in his hands belonging to the petitioner. It is from this decree that the present appeal is taken by Mr. Magoon.

The facts, which are undisputed, are as follows: William Brash, father of Susan Brash, died in Honolulu on April 11, 1880, leaving a will. On April 13, 1880, a petition for proof of the will and for letters testamentary was filed and on the same day was issued an order of publication of notice of the time and place of the hearing of the petition for probate. Notice as so ordered was published in an English newspaper, designating May 5, 1880, as the time of the hearing. On the return day, a hearing was had. The clerk's minutes, under the title, "In the Matter of the Proof of the Will of William Brash, of Honolulu, deceased", read, in part, as follows: "Petition of William G. Brash, son and Executor, for probate of the Will of the above-named decedent and for the issuance of Letters Testamentary to him, the said William G. Brash. Order of Hearing made 13th April returnable this day.

"Present: R. F. Bickerton for Petitioner, Wm. G. Brash, Mrs. Elizabeth Brash Robson and Susan Brash.

"Mr. Bickerton reads the petition, Order of Hearing and files the affidavit of publication and calls" four witnesses who testified to the death of the testator and to the execution of the will. One of the witnesses, a son of the decedent, in giving his testimony said: "Susan Brash, who is in court, needs a guardian, having been an invalid since childhood." "The Court", the minutes continue, "admits the Will to probate and orders that Letters Testamentary and Letters of Guardianship of the estate of Susan Brash may issue to Wm. G. Brash, it appearing that the said Susan Brash is of unsound mind and it being suggested by the will and Letters of Guardianship of the person of said Susan Brash may issue to Mrs. Elizabeth Brash Robson." Letters were, presumably, issued as ordered.

On June 6, 1892, an order was signed by the Probate Judge, reciting that W. G. Brash as executor of the will of W. Brash, deceased, and guardian of the estate of Susan Brash had filed certain accounts and had applied for a discharge as such executor and guardian, allowing the accounts, granting the discharge as prayed for and ordering the retiring executor to deliver over all property in his hands "to J. Alfred Magoon, who is hereby appointed administrator with the will annexed of the estate of said W. Brash, deceased, and guardian of the property and person of said Susan Brash", and that "letters of administration with the will annexed of the estate of said W. Brash, deceased, and letters of guardianship of the estate and person of said Susan Brash be issued to him" upon the filing of a bond.

There can be no doubt that this last mentioned appointment of Mr. Magoon as guardian was merely by way of substitution and that no hearing was then had or adjudication made on the question of the soundness of Susan's mind. It was based upon the adjudication made in 1880 and is not valid unless the appointment of W. G. Brash as guardian was valid.

The main question is whether or not the adjudication made in 1880 that Susan was of unsound mind is valid, and, more specifically, whether the court acquired jurisdiction over the alleged insane person. In our opinion, the court did not acquire such jurisdiction. Our statute on the subject, Section 1963, C.L., reads: "When the relations or friends of any insane person shall apply to any of the Judges hereinbefore mentioned, to have a guardian appointed for him, the Judge shall cause notice to be given to the supposed insane person, of the time and place appointed for hearing the case, not less than fourteen days before the time so appointed, and if after a full hearing, it shall appear to the Judge that the person in question is incapable of taking care of himself, the Judge shall appoint a guardian of his person and estate, with the powers and duties hereinafter specified." It may be assumed for the purposes of this case, without so deciding, that the application referred to in that statute need not be in writing but may be oral and that the lack of a "full hearing" was a mere irregulariy of procedure which cannot be

availed of at this late day. Still the fact remains that the requirement as to notice was not complied with. No notice at all was given the supposed insane person, nor any opportunity to be heard. Upon the mere suggestion of a witness, in a wholly distinct proceeding instituted for an entirely different purpose, that Susan had been "an invalid" since childhood and needed a guardian, without any evidence being taken and without any hearing being otherwise had, and without any delay or opportunity to have any showing made to the contrary, the adjudication and appointment were made. Under such circumstances the adjudication and appointment can not, we think, be regarded otherwise than as null and void. Nor can it be supported on the ground that Susan was present in the court room at the time the order was made and thereby submitted herself to the jurisdiction of the court. Mere presence in court does not constitute appearance as a party. *Smith v. Hamakua Mill Co.*, 13 Haw. 245, 248, 249. Susan's presence on that occasion was in response to the citation to parties in interest to appear in the matter of the petition for proof of the will of her father and her appearance, if any, as a party, was in that matter only. While she might be held bound by the proceedings had with reference to the will, she cannot be held to have entered an appearance or submitted to the jurisdiction in the guardianship matter, even assuming that she was mentally capable of waiving the requirement as to notice.

It is contended that this statutory requirement applies only in cases where an application is made by relatives or friends and not in a case where the judge of his own motion institutes an inquiry. Assuming that this is so and that, aside from the statute, the judge in probate would have inherent power to make such an appointment, still the fundamental principles of justice and of law would require that reasonable notice and an opportunity to be heard be given to the party whom it is proposed to deprive of rights of person and of property. Citations of authorities upon this point would seem to be unnecessary. See, however, *Eddy v. The People*, 15 Ill. 386, 387; *In re Abraham Whitenack*, 3 N. J. 252; *Jessup v. Jessup*, 7 Ind. App. 573,

579; *In re Wellman,* 45 Pac. (Kans.) 726, 727; *Smith v. Bur-lingame,* 4 Mason 121; *Allis v. Morton,* 4 Gray, 63, 64.

It is further contended that the defects, if any, as to notice and opportunity to be heard, have been waived and the adjudication and appointment ratified and confirmed by Susan's appearance at subsequent hearings upon annual accounts and other proceedings in the course of the alleged guardianship. Assuming that Susan has at times been present at such hearings, still, if she was of unsound mind as found by the probate judge and as it was necessary for him to find in order to have authority to appoint a guardian, she was incompetent to make any such waiver cr ratification. See *Behrensmeyer v. Kreitz,* 135 Ill. 591, 638, and *North v. Jeslin,* 59 Mich. 624, 647. The appellant is not in a position to concede that she was not insane. On the contrary in his answer in the matter at bar he alleges that she is a person of weak mind and at times is entirely bereft of reason.

For other cases bearing upon the subject of notice in cases like that at bar, the objects of and reasons for notice upon one actually insane and the result of lack of notice, see *Coolidge v. Allen,* 82 Me. 23, 25; *Jessup v. Jessup,* 17 Ind. App. 177, 187; *Hathaway v. Clark,* 22 Mass. 490, 491; *Chase v. Hathaway,* 14 Mass. 221, 225; *Rust's Appeal,* 177 Pa. St. 340, 343; *Sears v. Terry,* 26 Conn. 273, 284; *Appeal of Royston,* 53 Wis. 612, 618.

While it may be that with the proceedings of courts of record all reasonable presumptions must, in the absence of any showing to the contrary, be indulged in in support of the jurisdiction, in this case a common sense reading of the record requires us to hold that the actual proceedings had were those only which are detailed above and that no notice of any proposed guardianship or opportunity to be heard was given the alleged insane person.

The ruling that the former order of guardianship and appointments of guardian are null and void is correct. No order to vacate these was made and the form of the affidavit or petition by Susan Brash, and more particularly of its prayer, leaves it at least doubtful whether such a decree of vacation can properly be made on the present pleadings. The declaration of a

trust in favor of Susan Brash and the order to her trustee to account were beyond the jurisdiction of the judge sitting in probate in the matter of the Estate of Wm. Brash and must for that reason be set aside. Whether the Circuit Judge may require Mr. Magoon to account in some other capacity in this proceeding we need not say for that question is not before us.

The decree appealed from is reversed and the cause remanded to the circuit judge for such further proceedings, consistent with this opinion, as may be necessary.

*W. S. Fleming* and *H. E. Highton* for Susan Brash.

*J. A. Magoon* in person.