## THE DOWSETT COMPANY, LIMITED, A CORPORATION, *v.* L. L. McCANDLESS.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 13, 1909.                    DECIDED APRIL 26, 1909.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

ESTOPPEL—*judgment against tenant, effect on landlord.*

A judgment in ejectment in favor of M. against a tenant does not estop his landlord from subsequently bringing an action to quiet title to the same land against M. even though the landlord openly, avowedly and to the knowledge of plaintiff defended the ejectment action in the tenant's name.

#### OPINION OF THE COURT BY WILDER, J.

This is an action to quiet title to two small pieces of land at Halawa, Oahu. Defendant filed a plea in bar claiming that

plaintiff was concluded by a former judgment against the Honolulu Plantation Co. and Woodlawn Fruit Co., Ltd., in an action of ejectment for the same pieces of land brought by him, the present defendant, as plaintiff, defendants' exceptions in that action having been overruled by this court in 19 Haw. 239. The defendants in the former action were tenants of the present plaintiff and relied in their defense solely on the title of their landlord. At the request of the tenants in that action their landlord conducted and controlled the defense, the attorneys of the tenants assisting therein. The defense in the former action by the landlord in the tenants' names was open and avowed and known to plaintiff. The tenants having refused to bring up exceptions to this court, they were brought up in the name of the tenants by the attorneys for their landlord. The plea in bar having been sustained, plaintiff brings exceptions.

The general rule is that judgments bind parties and their privies in blood, in law and in estate. *George v. Holt*, 9 Haw. 47. "So far as estoppel by former judgment is concerned a grantee is in privity with his grantor, but the converse is not true that a grantor is in privity with his grantee." *Tibbets v. Damon*, 17 Haw. 203, 205.

All questions of privity having been eliminated, the sole point presented is whether the plaintiff made itself a party to the prior action within the doctrine of res judicata so as to be bound by the judgment in that action, or, briefly, whether a landlord under the circumstances shown is bound by a judgment against his tenant.

At the outset it is claimed by plaintiff that the question here involved was determined in *Kapiolani Estate v. Thurston*, 17 Haw. 312. It was definitely decided in that case that a judgment against a tenant in an action of ejectment where the landlord without being joined defended in the tenant's name would not bind the landlord in a subsequent action brought by him to recover a piece of land in the same chain of title as that sought

to be recovered in the first action, the title to each piece depending on the same state of facts. That ruling was affirmed on motion for rehearing, 17 Haw. 346. It is contended, however, that that case may be distinguished in that the second action was for a different piece of land although conveyed by the same deed, and that it did not there appear, as here, that the defense by the landlord in the tenant's name was open, avowed, controlled by him and known to the plaintiff. In our opinion there is no difference in principle between that case and the one at bar, and we are required to hold that in order to bind a landlord in such cases he must be summoned or, if he voluntarily appears, he must be joined as a party of record, and that it is not enough that he defend in the tenant's name even though that is done openly, avowedly and to the knowledge of plaintiff.

The cases from other jurisdictions, many of which are referred to in 23 Cyc. 1261-1262, are not in harmony, and we do not discuss them in view of the prior ruling of this court on the matter.

It is further suggested that, as it was held in the *Thurston* case that the employment of the attorney to represent the landlord in the first action was not included in the power of attorney under which he was retained, there was no showing that the landlord did defend in the tenant's name, and consequently the ruling as to the effect of the judgment on the landlord was unnecessary. The court in that case, however, did not decide the question as to the meaning of the power of attorney, as shown by the following passage from its opinion (17 Haw. 320):

"At the last trial the defense showed a power of attorney from Kapiolani, authorizing the administrator to manage her business, collect rents and income from lands that came to her under her husband's will and from those held by his trustees for payment of his debts, to manage the lands and to lease part of them at reasonable rental; 'and for the purposes aforesaid' granting the attorney power to execute instruments 'according to our

agreement and to sue or to defend all cases at law or in equity.' The defendant claims that this made the evidence admissible, as to engaging counsel to defend the case, showing that the administrator in so doing was acting under his power of attorney. Several considerations interfere with and perhaps preclude this inference. Express authority was unnecessary for under the circumstances of this case the law authorized the administrator thus to protect the interests of the estate. The power of attorney authorized the defense of cases 'for me and in my name.' This was not such a case. But we prefer not to decide this question upon mere inference but as a matter of law."

The plea in bar should have been overruled.

Exceptions sustained.

*R. B. Anderson* and *W. B. Lymer* (*Kinney, Marx, Prosser & Anderson* on the brief) for plaintiff.

*A. G. M. Robertson* for defendant.

