Francisco Claudio Camacho by Himself and in Representation of His Minor Daughter Blanca Iris Claudio, Plaintiffs and Appellees, *v.* Juan Casillas Mojica and Carmen Casillas Mojica, Defendants and Appellants.

No. R-65-260.     Decided May 31, 1972.

*Correa Suárez & González Correa* for appellant Carmen Casillas Mojica. *Peñagarícano & Lluberas* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Francisco Claudio Camacho by himself, and in representation of his minor daughter Blanca Iris Claudio filed a

complaint against Juan Casillas Mojica, claiming damages allegedly sustained by them as a result of an accident suffered by the minor when a rotten floor board of the residence which they occupied as lessees yielded and broke.

Subsequently the plaintiffs filed an amended complaint joining Carmen Casillas Mojica, appellant herein, as a defendant, since she was owner or co-owner of the house leased to the plaintiffs. The attorney for codefendant Juan Casillas Mojica was notified of this amended complaint. The new defendant, Carmen Casillas Mojica, was not summoned.

The hearing of the case on its merits was held on October 6, 1964. Defendant Juan Casillas appeared through his attorney Félix Torres Santiago. The latter made it known that he did not represent codefendant Carmen Casillas. The plaintiffs presented oral and documentary evidence and requested that inasmuch as codefendant Carmen Casillas was present in the courtroom and that she had not answered the complaint, her default be entered. The court postponed the decision as to this contention for a future date on which the hearing of the case was to be continued to hear the testimony of Dr. Lebrón, plaintiffs' last witness. On his part codefendant Juan Casillas presented on that occasion, as the only evidence, a certified copy of a deed of sale.

On January 14, 1965, the continuation of the hearing was held without defendants' appearance. The court, accepting as correct plaintiffs' contention to the effect that pursuant to the provisions of Rule 4.8 of the Rules of Civil Procedure the appearance in court of codefendant Carmen Casillas at the first hearing was equivalent to service and summons, ordered that her default be entered and proceeded to hear Dr. Lebrón's testimony, the case being submitted.

On January 20, 1965, the court rendered judgment ordering defendants Juan Casillas Mojica and Carmen Casillas Mojica to pay plaintiffs the amount of $3,162.50, plus costs and $350 for attorney's fees.

On March 30, 1965, codefendant Carmen Casillas filed a motion under Rule 49.2 of the Rules of Civil Procedure requesting that she be relieved from the effects of the judgment, alleging therefor lack of jurisdiction over her person and ignorance, inadvertence, and excusable neglect. The motion, signed by attorneys Correa Suárez, González Correa, and Santos Correa, stated in its next to last paragraph:

"This defendant understands for all that has been said above and by reason of ignorance, inadvertence, and excusable neglect it becomes necessary that integral justice be made, that she be relieved by the Honorable Judge, in the exercise of his sound judicial discretion, from the judgment rendered in this case on January 20, 1965, and that upon setting aside the same as far as she is concerned, she be given a reasonable opportunity to confront the evidence against her and to introduce evidence for the defense which she has in abundance to offset the allegations of the amended complaint."

During the hearing set for the discussion of this motion, plaintiffs' counsel consented to relieve defendant Carmen Casillas from the judgment and to reopen the case to give her the opportunity of introducing the evidence for her defense. In agreement with this consent the court entered an order providing:

"In view of plaintiffs' consent the court grants the motion under Rule 49.2 of codefendant Carmen Casillas Mojica and by virtue thereof relieves her from the effects of the judgment rendered against her and grants her the opportunity to answer the amended complaint within the term of 10 days to be reckoned from the date of this Order. Once the complaint is answered the court will proceed to set a date to hear codefendant Carmen Casillas Mojica in defense of her rights."

The said codefendant answered the amended complaint denying all its essential facts and alleging the special defense of the lack of presentation of a cause of action against her.

After several procedural incidents, not bearing on the question to be decided, the hearing of the case was set for

November 3, 1965. Nevertheless, plaintiffs' counsel as well as the presiding judge understood that the case had been opened for the limited purpose that defendant could establish with new evidence, that the court had rendered judgment relying on fraudulent evidence, this is, that the accident which the minor had suffered had occurred in another different place and not in the house where plaintiffs resided. The record thus reveals it. Let us see some of the incidents which occurred during the hearing:

"JUDGE:

I thought that it was that the accident had not occurred as the parents said, but not that we were going to see the case anew.

MR. PEÑAGARÍCANO:

When this case, when colleague Joaquín Correa Suárez filed a motion to set aside the judgment as to Carmen Casillas, a previous meeting was held where it was discussed that the colleague had evidence that the injury had not occurred in plaintiffs' house.

JUDGE:

I thought it was for that and to that we must circumscribe ourselves. I am not going to open the case to see it anew. If defendant does not agree with the opinion, she had an opportunity to bring the case before a superior court, if she did not do it, I am not going now to permit her to open the case to present the same evidence to us. Therefore I want her to say that the accident did not occur as they had previously stated.

MR. CORREA SUÁREZ:

We understood that that was part of her evidence.

JUDGE:

No, we are getting again on the merits of the case and I would have to . . . the litigations would never come to an end.

MR. CORREA SUÁREZ:

That is all with the witness.

JUDGE:

You may retire. [Transcription of the hearing held on November 3, 1965, pp. 12 and 13.]

MR. PEÑAGARÍCANO:

We object to that evidence on the same grounds as your Honor in the sense that the case had been called for today exclusively to hear an alleged evidence of fraud, that the accident had not occurred in Carmen Casillas' house but in some other place.

JUDGE:

Let us see whether the date on which it was taken out of the record itself appears here, if it appears.

MR. CORREA SUÁREZ:

I would like to know how a situation of that nature can be established if it is not by putting two and two together.

MR. PEÑAGARÍCANO:

With the court's leave, with the great respect which I have for colleague Correa Suárez, when we went to Your Honor requesting the reopening of the case to set aside the judgment of the case, colleague Correa Suárez showed me a sworn statement with the name of Ramírez, Your Honor saw it too, in the sense that the accident had occurred somewhere else and when this attorney found out that there was a possible fraud this attorney was the first to acquiesce.

JUDGE:

But let us not go into that, what we want to know is if the accident did not occur as it was established by the previous evidence, that it be shown with new evidence where the accident did occur. Now, there is no doubt whatsoever that it has to appear from the record that there was an ocular inspection and that Economic Stabilization issued an order to defendant which is dated January 16, 1964, it must appear in the record.

MR. CORREA SUÁREZ:

That was it, we precisely understand that if there was, the floor was so broken that it was a menace, the previous owners should have been notified, to the owner, prior to the date on which the accident occurred. It is notified here six months afterwards.

JUDGE:

That is to go back again over the same evidence. I want new evidence establishing that this accident did not occur as proven

here. You may retire, sir, thank you. [Tr. Ev. pp. 22 to 24, November 3, 1965.]

.    .    .    .    .    .    .    .

Q. Did you repair the boards?

A. It was after the accident because the Office of Price Administration ordered it.

Q. You tell your brother . . . . Do not get nervous, you let me know when you can talk. The question is simple, whether you told your brother, Juan Casillas, to repair the rotten boards of the house which was occupied by Francisco Claudio?

A. Yes, a letter from O.P.A. arrived. Can you allow me to explain? I have never been in court and I have to go swiftly because I do not know how to read or write.

Look, a letter from the O.P.A. arrived in which it was said . . .

JUDGE:

The court already went over that. I wanted the evidence that the accident had not occurred as plaintiffs said.

MR. PEÑAGARÍCANO:

That is all and there are no more questions for the witness.

JUDGE:

You may retire.

MR. CORREA SUÁREZ:

The other witnesses would be of the same nature. In this case we are trying to establish all the subsequent facts that disclose that this question of giving notice to the O.P.A. and others are filed after the act of the complaint and that she immediately repaired, repaired the house after being notified by the O.P.A.

JUDGE:

The colleague's motion establishing . . .

MR. PEÑAGARÍCANO:

Yes, Your Honor, the motion of colleague Correa Suárez is dated March 30, your Honor.

JUDGE:

Well, where it is said that he wants to reopen the case to introduce evidence.

MR. PEÑAGARÍCANO:

Yes, of course, it is of March 30, 1965, Your Honor, sworn

to by Carmen Casillas Mojica. It relies only on default and that she was not duly represented by counsel.

JUDGE:

And to permit the presentation of her evidence.

MR. PEÑAGARÍCANO:

She has done that.

JUDGE:

I thought that evidence establishing that the facts presented to the court were not true and that the court had rendered judgment relying on a fraud committed by plaintiffs' witnesses was to be introduced and as it was so I reopened the case because otherwise, I was giving plaintiff [sic] an opportunity after the term for appeal had expired which she had lost.

MR. PEÑAGARÍCANO:

It is thus understood by us, Your Honor, and I even remember, Hon. Judge, that when I objected, as here set forth in this motion by colleague Correa Suárez of March 30, 1965, something of fraud is alleged, and that the accident had happened different to what plaintiffs said, this attorney objected and when he became aware that the witnesses had lied to the Honorable Judge and a case had been fabricated, this attorney on his own initiative appeared before Your Honor and before colleague Correa Suárez for the purpose that Carmen Casillas would show that it was true that the accident had occurred somewhere else, that it was not in the house, that my clients had lied and that it was a fraud against her and this attorney acquiesced.

JUDGE:

That is what I thought that I was going to be shown today.

MR. CORREA SUÁREZ:

Look, Your Honor, right now we are going to show Your Honor, a finding in that sense.

JUDGE:

That is the point I want to stress. If my judgment was erroneous, she could appeal before the Supreme Court. What I want to say is that I did not open the case to see it again. I am not going to enter into the merits of the case, having gone over them once. I opened the case for her to show that the court had rendered a judgment relying on a fraudulent evidence. That the accident had not occurred as the plaintiffs had said, but in

another place and the colleague told me that he had evidence to establish that the accident had not happened that way and I opened the case to give her an opportunity.

MR. CORREA SUÁREZ:

Apparently, by mistake, by approach, they conclude that when the girl yelled, the mother ran—that she testified—there and upon seeing her bleeding, with a bone protruding outside, she wrapped her in a towel. That mother has appeared and has said to questions . . .

JUDGE:

Yes, colleague, that was the evidence produced on that date. If you did not agree with that evidence, well, then, you could appeal to the Supreme Court, and there they would review and determine whether the determination I made conformed to the evidence submitted and they would have said: 'It does not conform, the case should be reopened,' but not to open it again . . .

MR. PEÑAGARÍCANO:

No, I cannot remain silent, because I have to defend Your Honor. The court concluded that this witness told the court that he had seen his daughter with her bones protruding, bleeding, that it was not her.

JUDGE:

From the evidence which was presented here, from the facts, from the notes, it was that this determination was reached because I did not invent them and from there it arises . . . He means that since it is there, it is because someone said it here. Now, if there was not enough evidence for that, the court would say so. She had to appeal, but she did not appeal and comes with a motion saying that fraud had been committed and the evidence which she had before her was not true and I opened the case and the only witness who comes to testify against that evidence, who comes to testify, who says that she fell from a window to the outside, but that was the first time, not the second time.

MR. CORREA SUÁREZ:

We agree, but we want to bring the clinical report to show that there was not such blood.

JUDGE:

But let us suppose that there had been none, the true fact

was that the girl fell through a hole that there was on a board and that she suffered a fracture of an arm and was taken to the hospital, and that there was a notice from the O.P.A. and the brother had been notified, he had been previously notified and a letter had been written to him, of what I remember.

MR. PEÑAGARÍCANO:

She admitted that, Your Honor, Carmen Casillas.

MR. CORREA SUÁREZ:

She said that she had not been notified of anything.

MR. PEÑAGARÍCANO:

To the brother.

MR. CORREA SUÁREZ:

Not to her, colleague.

JUDGE:

I am sorry, is this all the evidence that the colleague has?

MR. CORREA SUÁREZ:

It is the only evidence which I could have presented.

MR. PEÑAGARÍCANO:

Submitted, Your Honor.

JUDGE:

The court will decide." (Tr. Ev. of November 3, 1965, pp. 37–43.)

On November 8, 1965, the court entered an order denying the motion filed by codefendant Carmen Casillas Mojica seeking the relief from the effects of the judgment and left the latter in full force and effect.

■ The original judgment rendered by the trial court was void as to the codefendant-appellant and continues being void because (1) it was rendered without jurisdiction over codefendant Carmen Casillas Mojica, and (2) the reopening of the case for the limited purposes of hearing only the said codefendants' evidence, limited further to the controversy as to the place where the accident had occurred, denied her her right to confront plaintiffs' evidence that had been presented previously during her absence, when she had not appeared of record, nor the court had acquired jurisdiction

over her person, and also it denied her her right to present all the evidence which she could produce in her defense, all this constituting a deprivation of the due process of law.

The issuance of summons and service thereof, together with the complaint, as well as the compliance with the requirements set for the authorization of a summons by publication, are necessary steps for a court to acquire jurisdiction over the person of the defendant when it is a question of bringing the latter within the jurisdiction of the court for the causes which the law establishes for that purpose.[1] The record in the case at bar discloses that no summons whatsoever was served on the person of codefendant Carmen Casillas. Nevertheless, the court may acquire jurisdiction over a defendant who has not been summoned or when no proof appears in the record of service of the summons to the latter, because the admission or waiver under oath by the defendant or his appearance shall render unnecessary the proof of service of summons. Rule 4.8 of the Rules of Civil Procedure.

In the case at bar no admission or waiver under oath by said defendant was involved. The trial court decided that she appeared and consequently that it acquired jurisdiction over her person. The said appearance consists in that the said codefendant was present in the court on the day set for the trial. Her presence there was due, as the record reveals, to the fact that she had been summoned by the other codefendant to produce a document.

Codefendant's presence in the courtroom is not an "appearance" for the purposes set forth in Rule 4.8 of the Rules of Civil Procedure. The previous Rule of Civil Procedure of 1943 provided that the admission or waiver under oath by the defendant shall render proof of service of the summons unnecessary. It did not include the appearance as

---

[1] *Franco* v. *District Court*, 71 P.R.R. 642 (1950).

Rule 4.8 does. Nevertheless, we said in the case of *Franco v. District Court, supra* at p. 645, that proof of service of the summons is unnecessary for the court to acquire jurisdiction over the defendant when the latter appears voluntarily of record.

■ What we said in the case of Franco is the correct meaning of the word "appearance" used in the Rule 4.8. For the "appearance" of a defendant to vest jurisdiction on the court, something else besides his personal appearance at the courtroom is necessary, especially when that appearance is by accident. Defendant must also effect some other substantial act to constitute himself into a party in the litigation. See, 6 C.J.S.—Appearance 1, 12, and 13; *Andrews v. Andrews & Andrews*, 42 F.Supp. 5; *Thornhill v. Hargreaves*, 107 N.W. 847; *Smith v. Hamahua Mills Co.*, 13 Haw. 245; *Aycock v. Miller*, 18 So.2d 335; 3A *Words & Phrases* 341.

■ Now then, the judgment rendered against codefendant Carmen Casillas Mojica being void for lack of jurisdiction, she was entitled, when appearing of record to answer the complaint, to confront plaintiffs' evidence and to present in her defense all the pertinent evidence which she might have, that is, that as far as she is concerned, a plenary trial should have been held. Nevertheless, the trial court understood that inasmuch as it had acquired jurisdiction over the said codefendant because of her personal appearance in court, it could relieve her from the effects of the judgment but subject to the conditions which we know. That order is erroneous and should be reversed as well as the judgment.

For the reasons stated the meritorious order as well as the judgment will be reversed insofar as codefendant Carmen Casillas Mojica is concerned and the case will be remanded for the continuation of proceedings consistent with this decision.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos took no part in the decision of this case.