## KALAEOKEKOI *vs.* KAHELE *et al.*

APPEAL FROM RULING OF McCULLY, J., ON PLEA IN BAR.

JULY TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

A plea in bar, which makes a mere general reference to records of cases on which it is based, is faulty: there should be a specific reference to what is relied on in each case.

There being an adjudication that an award to "A. for B." was a grant to B., the plaintiff, claiming through A., is barred from recovery against the heirs or assigns of B.

An adjudication in an action of ejectment against a different defendant for another parcel comprised within the same grant, bars this action, there being an identity of subject matter.

A claim of adverse possession having been adjudicated adversely in a previous case, bars another claim through the same tenant.

An award to A. for B. having been adjudicated to be merged in a Royal Patent to B. and heirs, an action based on the award is thereby barred.

OPINION OF THE COURT, BY McCULLY, J.

This was an action of ejectment to which the defendant filed a plea in bar.

Plaintiff's claim is based upon (1) a certain land commission award, and (2) by adverse possession and right of inheritance.

The defendant's plea in bar is as follows:

"And now come the defendants in the above entitled action, by Cecil Brown, their attorney, and say that the above named plaintiff ought not to have or maintain his aforesaid action, for that heretofore, to wit: at the October term of the Supreme Court, held in the year 1882, the said plaintiff, in a certain action against D. Kahanu, a judgment was rendered in favor of said D. Kahanu, and to which judgment reference is hereby specially made, and made a part of this plea.

"And defendants further show that plaintiff should not have or maintain his aforesaid action, for that heretofore, to wit: in a certain action had in the Supreme Court in Equity, in an action between plaintiff and defendants, Kahele *et al.*, judgment was rendered in favor of the defendants Kahele *et al.* on the eighth day of January, 1884, and to which judgment reference is hereby specially made, and made a part of this plea; all of which matters complained of, in plaintiff's complaint herein, being for the same cause of action as in said actions decided.

"Wherefore, defendants pray for judgment, if said plaintiff ought to have or maintain his said action."

The general reference to the records, as made in the plea, is faulty. The plea should have set forth specifically what is relied on in each case, but the Court, with the records before them, will endeavor to apply what seems to be applicable.

The first case referred to went before the Court in Banco upon exceptions. Upon the exception of the rulings of the Judge at *nisi prius*, "that the original royal patent produced conveys land described in Award 6245, No. 1, to Kalaeokekoi for Kalakini, the owner of the land in question," the Court held that the royal patent being to Kalaeokekoi for Kalakini, and the plaintiff claiming through Kalaeokekoi, and not through Kalakini, cannot recover against the heirs or assigns of Kalakini. This adjudication directly bars the plaintiff in the case at bar, whose

claim is through Kalaeokekoi. The Court having also held that the equities as between an award and a royal patent could not be determined except in a Court of Equity. Counsel for the plaintiff contend here that this matter cannot be considered *res judicata*, because the action of ejectment *vs.* D. Kahanu was to recover a single piece out of several pieces awarded and patented, which piece is not claimed in this action, which is brought for others in that patent. If there were not an identity of subject matter, the rule of *res judicata* would not apply. But the circumstance that the premises granted by the patent comprised several detached lots cannot make it several titles or several things. A single grant of sundry pieces has no different character from the grant of a piece included in one circumference of survey lines. The Court also held that Keaka, through and succeeding whom the plaintiff claims a prescriptive title, having a prescriptive occupancy, had failed to show the beginning of a definite, adverse and hostile claim to any part of the premises in question, and this adjudicates in bar of again presenting a claim by the same so-called adverse possession.

The second case relied on in the plea in bar, adjudicated, that the award to Kalaeokekoi for Kalakini was merged in the royal patent to Kalakini and her heirs; that the patent included the land in the award, and was a valid patent. This bars the action now based on the award.

The plea in bar is hereby sustained.

*M. Thompson*, for plaintiff.

*Cecil Brown*, for defendants.