## J. J. BYRNE *v.* P. J. VOELLER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 19, 1901.        DECIDED JULY 27, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The verdict of a jury will not be set aside by the appellate court where there is evidence to support it, and no prejudicial error of law appears.

OPINION OF THE COURT BY GALBRAITH, J.

In September, 1897, the defendant was the owner of a retail grocery store at Honolulu. It became necessary for him to go to California on account of his health. Before leaving he engaged the plaintiff to manage the store during his absence and executed and delivered to him his full power-of-attorney. The evidence is conflicting on the question of whether there was an agreement as to the amount of wages to be paid plaintiff for

his services. In November of same year the defendant returned to Honolulu but did not take personal charge of the store. The defendant remained in Honolulu until March, 1898, when he left for California with the intention of remaining away permanently. The plaintiff was continued as manager of the business but defendant gave his full power-of-attorney to L. H. Dee in March, 1898. The plaintiff continued as manager of the store until January, 1899, in all a term of sixteen months when he was discharged by Mr. Dee. During all the time of the employment the plaintiff drew money and charged same on the book under heading of "wages"—at first $8.00 per week and later $10.00 per week.

The plaintiff filed his declaration in assumpsit in the Circuit Court of the First Circuit, containing four counts (1) For balance due on contract for sixteen months' wages at $100.00 per month, (2) For wages on quantum meruit at $100.00 per month for a period of sixteen months, (3) For the use and hire of a horse for ten months at $12.00 per month, (4) For the sum of $70.00 due for money advanced on the purchase price of a delivery wagon. The prayer was for balance due of $1120.00.

The defendant plead the general issue and gave notice that he relied on release and payment.

The case was tried to a jury and a verdict returned for the plaintiff on the second count for sixteen months' services at $75.00 per month less the amount of $670.00 received, leaving balance of $530.00 and for this amount judgment was rendered.

The defendant comes to this court on exceptions.

The jury found for the defendant on three of the counts and for the plaintiff on one, the second. The defendant's exceptions so far as they relate to the second count only will be considered for he was not prejudiced by the others.

The defendant argues the question of estoppel in his brief. As this question was not raised in the trial court and is not included in any of the exceptions we do not feel called upon to pass on it.

The first exceptions are to the overruling defendant's objection to the questions asked the expert witnesses as to the reasonable value of the plaintiff's services. These questions were properly framed upon plaintiff's theory of the facts necessary to support the second count in the declaration.

Another exception is to a statement of law by the court. Counsel for the defendant argues that this statement applied to the whole case and was prejudicial to defendant. It is apparent from the record that this statement of law was only intended to apply to the claim for services of the horse.

Counsel asked of the plaintiff. "When did you first decide to charge for work and labor of that horse?" "To which question the plaintiff objected as incompetent, irrelevant and immaterial." *"The Court:* He may ask him whether or not he made a voluntary contribution of this horse to the business."

"Mr. Magoon: I want to have it thoroughly understood. Counsel for plaintiff has just made the statement that a man can do work for another without intending to charge him anything at the time."

"Mr. Ballou: That is correct."

"Mr. Magoon: At the time, and afterwards change his mind and then charge him for the work."

"Mr. Ballou: Yes I have done it hundreds of times."

"The Court: You have a right to fully examine as to any voluntary contribution of services. That is as far as you can go."

"Mr. Magoon: When did you first decide to make a charge against Mr. Voeller for the work and labor of that horse?"

"The Court: I think it is evidence." To which ruling of the court the plaintiff excepted.

"A.   From the time I started in to work my horse."

"Q.   When was that?"

"A.   When the horse commenced to work first in the business of Mr. Voeller I intended to get pay for it."

"The Court: You know Mr. Magoon there is a certain life

to it, a contract is an agreement between two or more parties to do or not to do some lawful thing. It must be founded on sufficient consideration. A voluntary contribution of course can be made if gifts can be made and a thing can be given, and when the title has passed into the hands of the donee of course the gift cannot be revoked, but where there is no consideration and a man has the opportunity he has a right to change his mind where the title has not changed. If the jury find it was a voluntary contribution and the other party so understood it you have a right to bring it out."

"Mr. Magoon: I wish to except to that statement of the law just laid down by the court."

Whether the court announced a correct statement of the law is immaterial; the statement was directed to the claim for services of the horse only and as the jury found for the defendant on that count he certainly was not prejudiced by the court's dissertation on the law.

Again an exception is taken to the overruling of defendant's motion for a non-suit. The plaintiff had testified that his services were reasonably worth the sum of one hundred dollars per month for the term of his employment. Two other witnesses had sworn that the services of a manager of defendant's business was reasonably worth from $100.00 to $125.00 per month during the time plaintiff was employed. This ruling of the court was correct.

Exception was taken to the refusal to give certain instructions to the jury requested by the defendant and also to the giving of other instructions. An examination of the instructions given by the court disclose the fact that they were carefully prepared and seem to cover every issue presented by the pleadings and the evidence in the case. For the most part these instructions were copied from "Sackett's Instructions to Juries." The instruction containing the following sentences was excepted to, to wit, "When one person employs another to labor for him without any contract as to what he shall pay him, and with knowledge of all the facts accepts the services without complaint, he will

be presumed to have contracted to pay at the usual and going rate for such services, and the fact, if proven, that the person did not perform his services well will not excuse the employee from paying such price. If he wished to relieve himself from such liability the employer should discharge such person."

This instruction, we think, was at least, open to the objection that it might have misled the jury. We understand the law to be that where one person employs another to perform labor or service and nothing is said about the amount of the compensation the law presumes an agreement on behalf of the employer to pay what the labor or service was reasonably worth. However, the verdict shows that the jury were not misled by this instruction—their verdict being for a less amount than the evidence established the "usual and going rate" to be—and that the defendant was not prejudiced thereby. The instructions requested were properly denied.

The defendant excepted to the ruling of the court overruling his motion for a new trial on the ground that the verdict of the jury was contrary to the law and evidence and the weight of the evidence. The evidence in the case was conflicting. The principal issues in the case were ones of fact.

The defendant made a strenuous effort in the court below to establish the fact that the plaintiff was utterly incompetent to perform the services for which he was employed. In this court it is insisted that the evidence proved this fact. This was a question of fact that with others arising in the case was submitted to the jury, for determination, under the law, as given by the court. The jury found against the contention of the defendant on this point as well as other. There was evidence before it to justify such finding and the verdict will not be disturbed.

Exceptions are overruled.

*Kinney, Ballou & McClanahan* for plaintiff.

*Magoon & Thompson* for defendant.