MARY K. TIBBETS *v.* S. PALI, Guardian of Oliva Lahela, a minor.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 25, 1902.   DECIDED DECEMBER 10, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A motion to set aside a default is addressed to the discretion of the trial judge and is not subject to review on exceptions in the absence of an abuse of discretion.

The finding of a jury on a question of fact will not be set aside by this court where there is evidence to support it.

This was an action of ejectment to recover lands described in
L. C. A. 78 to G. D. Kuaiaia and L. C. A. 8316 to Kamoiki,
Royal Patent 1228, situated at Aipaako, Kunawai, Kapalama-
uka, Honolulu, Oahu? There was a jury trial and verdict for
the defendant in the Circuit Court. The plaintiff excepted and
presents two grounds of exception (1) To the order of the Circuit
Court in setting aside a default entered against the defendant
and replacing the cause on the trial calendar; (2) That the ver-
dict of the jury was contrary to the evidence and the weight of
the evidence.

It appears that suit was commenced on June 30th, 1899, and
the defendant served with process on the following day; that
afterwards on August 7th the defendant was declared to be in
default for failure to answer or plead; that two days later the
defendant moved to open the default basing the motion on the
defendant's affidavit which sets out:   That he is the guardian
of Oliva Lahela, (w) a minor, age 11 years; that during the early
part of the year 1899 he retained counsel for the purpose of
bringing suit against the plaintiff to quiet title to the land in dis-
pute; that a bill for that purpose was drafted by his attorney
during the month of June, 1899, and awaited his signature; that
he was not informed of this fact until after the commencement
of this suit by plaintiff; that on July 5th, 1899, he left Honolulu
for the island of Hawaii on private business and did not return
until July 30th; that immediately on his return he was informed
by one of his attorneys that this suit had been commenced by the
plaintiff and was asked if he had not been served with summons
in the case; that he replied that he had been served with a paper
on July 2nd, 1899, by a police officer who told him to appear
before the court on August 7th, 1899, and that he did not know
the significance of the paper; that he did not show the same to
his attorneys or tell them about it, believing that said paper was
the bill to quiet title for which he had retained counsel and that
the paper served on him was notice from his attorneys to appear

and be ready for trial, in the action to quiet title, on August 7th; that he cannot read the English language and was unable to understand the purport of the summons and was thereby led to rely on the statement of the police officer and believed from such statement that all he had to do by reason of the paper served was to appear in court on August 7th; that he had never been cited in a civil action before and did not know that it was necessary for him to answer in 20 days after service; that he is in default in not having filed an answer within the time required by law; that he has as he believes and is advised a good defense to plaintiff's action; "that his defense is that the grantor of his ward, namely, the mother of said ward, and not the plaintiff's grantor, was the person mentioned in and intended by the deed of the original owner of the property in dispute, through which deed both the plaintiff and the defendant claim title; and defendant also relies upon the statute of limitation as his ward's grantor, namely, her said mother, has been in actual possession of said property for a period of over twenty years."

The motion to set aside the default was addressed to the discretion of the trial judge. In the absence of an abuse of discretion his ruling therein is not subject to review on appeal. The showing made in the affidavit was sufficient to support the order of the Circuit Judge setting aside the default, at any rate, we cannot say as a matter of law that his doing so was an abuse of the discretion vested in him by the statute.

The second exception involves the consideration of a question of fact. It seems that the plaintiff's and defendant's respective grantors of the land in controversy had a similar name, Lahela Kapoli. The question in dispute and on which the determination of the case hinged was one of identity as to whether the plaintiff's or the defendant's grantor was the grantee in the original deed from G. D. Kuaiaia. That question was submitted to the jury under proper instructions from the court. The trial lasted several days—numerous witnesses were examined in favor of and against the claims of each of the parties. The evidence would have sustained a finding in favor of either for the reason

that there was evidence to support such a finding.   The jury found for the defendant.   There is nothing in the record that would justify us in setting aside that finding and verdict.   *Byrne v. Voeller*, 13 Haw. 494, 498.

The exceptions are overruled.

*J. Alfred Magoon* and *J. Lightfoot* for plaintiff.

*Chas. F. Peterson* for defendant.