# W. R. CASTLE, TRUSTEE, *v.* KAPIOLANI ESTATE, LIMITED.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 5, 1905.          DECIDED OCTOBER 18, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

ESTOPPEL—*landlord—judgment against tenant.*

A landlord is not estopped as against the plaintiff by a judgment against his tenants in an action of ejectment against himself and them, by reason of his knowledge of the action and opportunity to defend them but making no defense for them.

ESTOPPEL IN PAIS—*no basis for plaintiff's claim in ejectment.*

A plaintiff in ejectment cannot establish his title on the basis that the defendant is estopped by his conduct from disputing it.

NON-SUITING A CESTUI QUE TRUST WHO WAS CO-PLAINTIFF.

A cestui que trust probably should not be joined as co-plaintiff, but as she presents no exception to her non-suit, and it does not appear that any right of the other plaintiff was thereby affected, the question of its correctness is not properly presented.

EVIDENCE.

The ruling in 16 Hawn. 435 upon the admissibility of the evidence of F. M. Hatch is applicable in this case. The record in the former ejectment case was properly admitted upon the question of adverse possession.

DIRECTED VERDICT—*power to review in absence of all the evidence.*

An exception to a direction of a verdict for the defendant may be passed on by this court, although the entire evidence is not incorporated in the bill of exceptions, if the trial judge in allowing the bill has certified that it contains all the evidence necessary for passing the exception.

### OPINION OF THE COURT BY HARTWELL, J.

This was ejectment by Ai and Castle, trustee. At the close

of the plaintiffs' case, Ai was non-suited. At the close of the evidence the court on motion directed a verdict for the defendant "on the ground that the evidence shows an estoppel by former judgment," to which ruling the plaintiff excepted.

The former judgment was in an action of ejectment for the land claimed in this case brought by the present defendant against Castle and Weaver and Hoogs. The defendant, Castle, filed a general denial, but the defendants, Weaver and Hoogs, Castle's tenants, were defaulted. Jury having been waived, the court ordered judgment for the plaintiff, who entered judgment against Castle, and a separate judgment upon their default against Weaver and Hoogs. The judgment against Castle was set aside on error on the ground that separate judgments cannot be made in a joint action. The plaintiff obtained possession of the land, by a writ issued on the judgment against Weaver and Hoogs, and the defendant, Castle, brought this action.

The estoppel claimed is not that of the reversed judgment against the plaintiff, but of the judgment against his tenants, the plaintiff having had full knowledge of the action and opportunity to defend it in behalf of the tenants as well of himself. Notices and stipulations concerning all the defendants filed in the case by Castle and Weaver who were law partners, are pointed out as showing that Castle treated the case against the tenants as his own, although making no defense for them.

The defendant claims that the rule is that, when one has an opportunity to defend a case in which he has an interest, he is bound by the judgment whether he makes a defense or suffers the case to go by default, that in ejectment against a tenant, if the latter requests his landlord to defend, the latter is bound by the judgment whether he defends the case or not, and that the circumstances of this case dispensed with need of such request.

The right of a landlord to defend in a tenant's name does not imply that he owes to the plaintiff a duty to defend. If a plaintiff wishes to secure a judgment to bind the landlord, he must make him a party, since in no other way can he compel him to appear or become defaulted. If the plaintiff does not do this,

he takes the risk that the landlord may not appear voluntarily. A judgment in ejectment includes parties who are summoned, or who voluntarily appear, but does not include a landlord who is not impleaded or does not defend in the tenant's name or his own. The tenant's request that he defend would not place him under obligation to the plaintiff to do so nor enable the plaintiff to obtain a judgment which would be *res judicata* upon his title.

At common law as well as by an early English statute, a landlord may be admitted to defend if the tenant requests him to do so. If he then fails to defend, the judgment is conclusive against him in favor of the tenant on the question of eviction. There is no rule of law, however, that if when made a co-defendant, and thereby given full opportunity to defend his title, he fails to defend the tenant he is as against the plaintiff bound by a judgment against the tenant. The law imposes on the landlord no duty to the plaintiff to defend the tenant and the plaintiff has no right based on contract to require him to do so, hence his failure to defend cannot estop him from asserting his title in his action against the plaintiff.

Undoubtedly there are cases in which one is bound by a judgment against another in an action in the subject or result of which he has an interest, provided he is called upon by the defendant to defend the action or has an opportunity and the right to defend it. As an example,—in *Robbins v. Chicago City* 4 Wall. 657, a person who had been injured by an excavation in a street had obtained judgment against the city in the sum of $15,000.00. The city having been compelled to pay the judgment, brought an action to recover of the defendant, who caused the obstruction, the amount of the judgment and expenses of the litigation. The jury was instructed that if the defendant knew that the suit was pending and could have defended it and it was through his fault that the party was injured, he was concluded by the judgment against the corporation. This instruction was held to be correct, the court saying that "all who are directly interested in the suit and have knowl-

edge of its pendency and who refuse or neglect to appear and avail themselves of those rights are equally concluded."

*Boston v. Worthington,* 10 Gray 496; *Littleton v. Richardson,* 34 N. H. 187, are to the same effect, the rule being stated that "when a person is responsible over to another either by operation of law or by express contract and he is duly notified of the pendency of the suit and requested to take upon himself the defense of it, he is no longer regarded as a stranger because he has the right to appear and defend the action and has the same means and advantages of controverting the claim as if he was the real and nominal party upon record."

*Washington Gas. Co. v. Columbia,* 161 U. S. 329, which affirms *Robbins v. Chicago,* states the rule, we think, more accurately as follows: "As a deduction from the recognized right to recover over, it is settled that where one having such right is sued, the judgment rendered against him is conclusive upon the person liable over, provided notice be given to the latter, and full opportunity be afforded him to defend the action." And see *Oceanic Co. v. Campania,* 144 N. Y. 663. In cases like those above cited the judgment against the nominal party is conclusive upon the person liable over in an action brought against him by that nominal party. A like rule appears to have been applied in *Castle v. Noyes,* 14 N. Y. 329, and *Peterson v. Lothrop,* 34 Pa. 223. In *Burns v. Gavin,* 118 Ind. 320, the plaintiff had litigated the matter in a former suit, although in the name of one who was only nominally interested. "It is sometimes said that the landlord or lessor is not bound in such a case if he has no notice or unless he has notice of the action, but such language is misleading as it implies that he will be bound if he does have notice, which is not the case." 2 Van Fleet, Former Adj., 1072. The same author, referring to *Thomas v. McCormick,* 136 Ill. 135, which sustains a contrary view, says that it seems to him that the Illinois cases are wrong.

We have carefully examined all of the defendant's citations, but are unable to find in them anything which leads us to modify the views which we have above expressed. The exception to

the order directing a verdict for the defendant on the ground of estoppel is accordingly sustained. We can properly pass upon this since, as certified by the trial judge, all the evidence necessary to determine it is before us.

We summarize from the plaintiff's brief the other exceptions as follows: (1) non-suiting Ai; (2) rejecting Mr. Hatch's evidence that he appeared for Kapiolani in *Okuu v. Cummins,* and the rejection of the record in that case; (3) admission of the record in *Kapiolani v. Castle;* (5) refusal to direct a verdict for the plaintiff on the ground of an estoppel in pais by reason of the representations of Kapiolani and on the further ground that a case of adverse possession was made out. None of these exceptions are sustained. Probably the *cestui que trust* should not have been joined as co-plaintiff, but as she presents no exception to the non-suit and it does not appear that any right of the other plaintiff was thereby affected, the question of its correctness is not properly before us. The ruling in 16 Haw. 435 upon the admissibility of Mr. Hatch's evidence is applicable to the present case. The record in the former ejectment case was properly admitted if for no other purpose upon the question of adverse possession. There is no rule which enables a plaintiff to recover in ejectment on the claim of an estoppel in pais. Bigelow on Estoppel, 599. We are unable, from what appears in the bill of exceptions, or from the transcript of evidence accompanying it, to say that as a matter of law a case of adverse possession was made out for the plaintiff upon clear and undisputed evidence.

Upon the ground of the exception which is sustained, as above, the judgment is vacated,—new trial is ordered and case remanded.

*Castle & Withington* for plaintiff.

*Kinney, McClanahan & Cooper* for defendant.