# MARY K. TIBBETTS *v.* S. M. DAMON, C. M. HYDE, J. O. CARTER, W. O. SMITH AND W. F. ALLEN, TRUSTEES UNDER THE WILL OF B. P. BISHOP.

QUESTION RESERVED BY CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 27, 1905.     DECIDED DECEMBER 8, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

JUDGMENTS—*estoppel.*

> A judgment against a plaintiff who sues A. for a piece of land does not estop plaintifff from subsequently suing B. for another piece of land comprised in the deed to A., where the sole issue of fact in the two cases is identical, unless B. is in privity with A. *Kalaeokekoi v. Kahele,* 7 Haw. 147, overruled.

OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment in which the first circuit court reserved for the consideration of this court a question arising from the following facts admitted by stipulation: That both plaintiff and defendants claim title to the property sued for and set out in the complaint of plaintiff through one G. D. Kuiaia as a common source of title and that said G. D. Kuiaia by deed dated May 15, 1879, conveyed said property to one Lahela Kapoli (w); that there were two persons of the name of Lahela Kapoli, and that from one of them plaintiff received a deed of the premises and that from the other the defendants received a deed of the premises sued for; that the sole question of fact at issue in this action is the identity of the grantee in the deed from G. D. Kuiaia, that is, is plaintiff's grantor or defendants' grantor the Lahela Kapoli who was the grantee in the deed from G. D. Kuiaia; that in an action of ejectment commenced on June 29, 1899, by the present plaintiff against one S. Pali, which was tried at the August, 1899, term of the first circuit court for the recovery of a piece of land other than that sued for in the present action but conveyed by said deed of G. D. Kuiaia to Lahela Kapoli, the sole issue involved was the identity of the grantee in the deed from G. D. Kuiaia, and after a trial a verdict was rendered for the defendant and judgment entered thereon, which was affirmed in the supreme court in 14 Haw. 517; that the complaint in the present case was filed on April 11, 1899. The reserved question is as follows: Does the judgment referred to in the case of *M. K. Tibbetts v. S. Pali* estop M. K. Tibbetts, plaintiff herein, from maintaining this action?

The question in dispute in this case is one of identity, namely, whether the plaintiff's or the defendants' grantor was the grantee in the deed from Kuiaia. Defendants claim that this was settled in the case of *Tibbetts v. Pali,* 14 Haw. 517, which, under the ruling in *Kalaeokekoi v. Kahele,* 7 Haw. 147, forever bars plaintiff from suing other defendants for another piece of land covered by the same deed from Kuiaia.

The general rule is that judgments bind parties and their privies in blood, in law and in estate. *George v. Holt,* 9 Haw. 47.

Privity is a mutual or successive relationship to the same rights of property. Thus, in order for one to be bound by a judgment as a privy to one of the parties he must have succeeded to some right, title or interest of that party in the subject matter of the litigation. 2 Black, Judgments, Sec. 549.

An examination of the record in *Kalaeokekoi v. Kahele,* 7 Haw. 147, shows that one Kalaeokekoi brought ejectment against Kahele and others on a claim of paper title and also by adverse possession. Defendant pleaded in bar an estoppel by judgment, in that between the same plaintiff and one D. Kahanu the paper title and that by adverse possession claimed by plaintiff for one of the pieces covered by the same patent and sued for, although as contended included inadvertently in the declaration, had been adjudicated. The plea was sustained. Kahanu, the defendant in the first suit, was a grantee of Kahele, the defendant in the second suit, and thus Kahele was not in privity with Kahanu so as to be bound by a judgment against Kahanu previously rendered. So far as estoppel by former judgment is concerned, a grantee is in privity with his grantor, but the converse is not true that a grantor is in privity with his grantee.

"A judgment in ejectment includes parties who are summoned, or who voluntarily appear, but does not include a landlord who is not impleaded or does not defend in the tenant's name or his own." *Castle v. Kapiolani Estate,* 17 Haw. 63.

In the case in 7 Haw. 147 the point that Kahele was not in privity with Kahanu so as to be bound by a former judgment against the latter was not called to the attention of the court, and we must hold that the case was through inadvertence erroneously decided and must be óverruled. We do not regard that case as establishing a rule of property, so that, if erroneous, it should not be overruled.

In the case at bar the defendants are not in privity with the defendant S. Pali in the first case, and consequently there is no identity of parties and no estoppel by former judgment.

The circuit court of the first circuit is advised that the judgment in the case of *M. K. Tibbitts v. S. Pali* does not estop the said M. K. Tibbetts, the plaintiff herein, from maintaining this action.

*W. C. Achi* for plaintiff.

*S. H. Derby* for defendants; *Kinney, McClanahan & Cooper* on the brief.