**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000804
16-NOV-2022
11:31 AM
Dkt. 80 SO**

NO. CAAP-18-0000804

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LFG HOLDINGS, LLC, a Hawaii limited liability company and MAXAM PROPERTIES, LLC, a Hawaii limited liability company, Plaintiffs/Counterclaim Defendants-Appellees, v. THOMAS F. SCHMIDT, Defendant/Counterclaimant-Appellant, and INTERNATIONAL BUSINESS BROKERS, LLC, a Hawaii limited liability company, and LIFE OF THE LAND PACIFIC, LLC, a Hawaii limited liability company, Defendants/Counterclaimants-Appellees,

and

THOMAS F. SCHMIDT, Third-Party Plaintiff-Appellant, and INTERNATIONAL BUSINESS BROKERS, LLC, a Hawaii limited liability company, and LIFE OF THE LAND PACIFIC, LLC, a Hawaii limited liability company, Third-Party Plaintiffs-Appellees, v. JERRY RUTHRUFF, LARRY WHITE, DAMON L. SCHMIDT, LINDA LOUISE SIMON, CAREY SUTHERLAND, PATRICIA M. LOUIA, MELCOLM K. PERREIRA, ALICIA A. PERREIRA, SIONA FRUEAN, CARLEEN LEINA'ALA FRUEAN, RICHARD STEPHEN WALL, SAMUEL BROWN, POMAIKA'I PROPERTIES, LLC, a Hawaii limited liability company, COHO PROPERTIES, LLC, a Hawaii limited liability company, FIDELITY NATIONAL TITLE COMPANY, a California corporation, Third-Party Defendants-Appellees, and JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS, CORPORATIONS AND/OR OTHER ENTITIES 1-10, Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1337-07 VLC)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Defendant/Counterclaimant/Third-Party Plaintiff-Appellant Thomas F. Schmidt (**Schmidt**), self-represented, appeals

from the September 19, 2018 Judgment, entered pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b), by the Circuit Court of the First Circuit (**Circuit Court**).[1/]  The Judgment: (1) dismissed the August 17, 2015 amended third-party complaint (**Third-Party Complaint**) with prejudice; (2) expunged the September 22, 2016 Notice of Pendency of Action "with respect to Lots 79 A and 79 B"; and (3) was entered in favor of Third-Party Defendants-Appellees Siona Fruean and Carleen Leinaʻala Fruean (the **Frueans**) and Melcolm K. Perreira and Alicia A. Perreira (the **Perreiras**) (collectively, **Third-Party Defendants**), and against Schmidt and Defendants/Counterclaimants/Third-Party Plaintiffs-Appellees International Business Brokers, LLC, and Life of the Land Pacific, LLC (collectively, **Third-Party Plaintiffs**).  The Judgment followed entry of the Circuit Court's July 17, 2017 "Order Granting Motion of Third-Party Defendants . . . for Summary Judgment Against Third-Party Plaintiffs . . . and Motion to Expunge Notice of Pendency of Action (Motion Filed November 9, 2016 and Substantive Joinder Filed November 17, 2016)" (**MSJ Order**).

On appeal, Schmidt contends that the Circuit Court erred in granting the Frueans' November 9, 2016 motion for summary judgment as to the Third-Party Complaint and motion to expunge the Notice of Pendency of Action (**Motion for Summary Judgment**).[2/]

---

[1/]     The Honorable Virginia L. Crandall presided.

[2/]     In his opening brief, Schmidt does not challenge the MSJ Order to the extent it granted the Perreiras' November 17, 2016 substantive joinder in the Motion for Summary Judgment (**Substantive Joinder**).  Any alleged error in granting the Substantive Joinder is thus deemed waived.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7).

We further note that the opening brief fails to comply with HRAP Rule 28(b) in numerous material respects.  For example, the opening brief generally fails to provide: (1) "record references supporting each statement of fact or mention of court . . . proceedings" in the statement of the case, as required by HRAP 28(b)(3); (2) for each point of error, a statement of "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[,]" as required by HRAP 28(b)(4); and (3) "citations to the . . . parts of the record relied on" in the argument section, as required by HRAP 28(b)(7).  In particular, Schmidt makes several factual assertions without any citation to the record, and the argument section is general and conclusory.  Nevertheless, because we have "consistently adhered to the policy of affording litigants the opportunity 'to
(continued...)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Schmidt's contentions as follows and affirm.

**I.**

As a threshold matter, we address Third-Party Defendants' contention, made in their answering brief, that this appeal should be dismissed because Schmidt "did not obtain the leave of court required of a vexatious litigant in order to maintain this litigation."[3/]  Third-Party Defendants rely on the arguments made in their August 31, 2019 motion seeking, among other things, dismissal of this appeal for lack of appellate jurisdiction, because Schmidt did not obtain leave of court to file his notice of appeal.

On October 18, 2019, this court entered an order denying the August 31, 2019 motion as follows:

> [It] appears that we have appellate jurisdiction over Schmidt's appeal from the . . . [J]udgment . . . pursuant to [HRS] § 641-1(a) (2016) and Rule 54(b) of the [HRCP].  It further appears that [Third-Party Defendants'] argument that Schmidt's third-party complaint should have been dismissed based on a vexatious litigant order should have been presented, in the first instance, in the court below and then in conjunction with arguments presented on the merits of this appeal or perhaps a cross-appeal.
>
> Therefore, IT IS HEREBY ORDERED that [Third-Party Defendants'] Motion is denied without prejudice to any arguments or requests made in conjunction with the briefing on the merits and without prejudice to any further action by the merits panel.

In their answering brief, Third-Party Defendants make no new arguments or requests based on the vexatious-litigant

---

[2/]  (...continued)
have their cases heard on the merits, where possible[,]'" we address Schmidt's arguments to the extent they are discernible. Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

[3/]    We take judicial notice that on April 29, 2003, the Circuit Court of the Third Circuit entered an order in a separate and unrelated case, Civil No. 03-1-0037K, declaring that Schmidt is a vexatious litigant pursuant to Hawaii Revised Statutes (**HRS**) § 634J-7 (1993) and prohibiting him from "filing any new litigation" without first obtaining leave of the presiding judge of the court where the litigation is proposed.

order, and do not specify where in the record they brought the vexatious-litigant issue to the attention of the Circuit Court. Their argument is thus deemed waived for purposes of this appeal. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd, 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002)(arguments not raised in the trial court are ordinarily deemed waived on appeal).[4/]

## II.

We review a trial court's grant or denial of summary judgment *de novo* using the same standard applied by the trial court. Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawai'i 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawai'i 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawai'i at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawai'i at 12, 346 P.3d at 81).

The moving party has the burden to establish that summary judgment is proper. Id. (citing French v. Haw. Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004)). "Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Id. (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawai'i 332, 359, 328 P.3d 341, 368 (2014)). The evidence and the inferences

---

[4/]    We also note that Third-Party Defendants cite no authority that would require Schmidt to seek leave from this court before filing a notice of appeal in these circumstances.

drawn from the evidence must be viewed in the light most favorable to the non-moving party. <u>Yoneda v. Tom</u>, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006) (citing <u>Coon v. City & Cnty. of Honolulu</u>, 98 Hawaiʻi 233, 244-45, 47 P.3d 348, 359-60 (2002)).

Here, the Frueans sought summary judgment on the Third-Party Complaint, by which Schmidt claimed to have an ownership interest in various properties pursuant to an option agreement, including properties in the Kaloko II subdivision in North Kona, County of Hawaiʻi, subsequently acquired by the Perreiras and the Frueans and referred to, respectively, as Lots 79 A and 79 B (the **Properties**). The Frueans argued that they were entitled to summary judgment on all claims asserted in the Third-Party Complaint because:  (1) the claims were barred by the doctrine of "res judicata/claim preclusion"; (2) the Frueans had not entered into any transactions with any of the Third-Party Plaintiffs and had not done anything else that could give rise to a claim against them; and (3) the claims were barred by the applicable statute of limitations.

As to their claim preclusion defense, the Frueans argued that the claims asserted in the Third-Party Complaint were barred by a final judgment dismissing Schmidt's complaint in a 2004 lawsuit filed in the Circuit Court of the Third Circuit (**2004 Lawsuit**) in which Schmidt had claimed, among other things, that he had an ownership interest in various properties, including Lot 79 B. Specifically, the Frueans argued that there was a final judgment on the merits of the 2004 Lawsuit; the parties to the Third-Party Complaint are the same or in privity with the parties in the 2004 Lawsuit; and the claims asserted in the Third-Party Complaint are identical to those decided in, or to claims that could have been properly litigated in, the 2004 Lawsuit. In support of their argument, the Frueans submitted, along with other evidence, copies of the deeds showing the chain of title of Lot 79 B from 1999, when Schmidt and his wife conveyed their interest in the property to Phoenix Investments, Inc., to 2005, when the Frueans acquired title to the property.

Schmidt filed a memorandum in opposition to the Motion for Summary Judgment, contending that:  (1) res judicata did not

apply to the claims in the Third-Party Complaint because the Frueans were not parties to the 2004 Lawsuit and only later acquired Lot 79 B; (2) Schmidt was not involved in any business dealings or transactions with the Frueans or the Perreiras, but they benefitted from a fraud committed by Third-Party Defendant-Appellee Jerry A. Ruthruff (**Ruthruff**); and (3) if Schmidt's claims were barred by the statute of limitations, the court should grant him leave to file an amended complaint alleging facts to support equitable tolling of the relevant limitations period.[5] Although Schmidt submitted his own declaration in support of his opposition, it appears that he did not submit any admissible evidence supporting: (a) his contention that he had a current ownership interest in Kaloko Lot 79B; (b) any claims asserted against the Frueans; or (c) his request for leave to allege facts supporting equitable tolling of the relevant statutes of limitations.

Following a hearing, the Circuit Court granted the Motion for Summary Judgment and the Substantive Joinder "for the reasons set forth in the motions and replies." (Formatting altered.)

On appeal, Schmidt contends that the Circuit Court erred in granting the Motion for Summary Judgment, but makes no argument that there were any genuine issues of material fact that Schmidt raised below which precluded summary judgment on any of the grounds presented in the motion. Schmidt simply asserts that the Circuit Court "fail[ed] to consider" that: (1) Schmidt never sold the Properties to anyone, including the Frueans, and "never got any money for real properties that were never sold"; (2) Plaintiffs-Counterclaim Defendants-Appellees LFG Holdings, LLC and MAXAM Properties, LLC, "by and through . . . Ruthruff's fraudulent sale to [the Frueans], never had clean, clear and good title to the . . . [P]roperties . . ., which were and are owned by . . . Schmidt"; and (3) the Properties are subject to state tax liens of approximately half a million dollars. None of

_____

[5] Schmidt made the same or similar contentions with respect to the Perreiras' Substantive Joinder, but as noted above, Schmidt has not challenged the MSJ Order to the extent it granted the Substantive Joinder.

Schmidt's factual assertions is supported by any reference to the record, and no argument is made as to how any of these factual allegations relate to the issues raised in the Motion for Summary Judgment. See HRAP Rule 28(b)(4) and (7). Nor does the record show that the Circuit Court "failed to consider" any relevant and admissible evidence that was actually submitted in connection with the motion.

In short, Schmidt does not present any discernible argument explaining how the Circuit Court erred in granting summary judgment in the Frueans' favor. Schmidt's "failure to comply with HRAP 28(b)(4) [and (7)] is alone sufficient to affirm the [C]ircuit [C]ourt's judgment." Morgan, 104 Hawaiʻi at 180, 86 P.3d at 989; see Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 478, 164 P.3d 696, 736 (2007) (stating that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments" (citing HRAP Rule 28(b)(7))).

In any event, based on our *de novo* review, we conclude that the Circuit Court did not err in granting summary judgment in favor of the Frueans as to the Third-Party Complaint. In support of the Motion for Summary Judgment, the Frueans presented evidence establishing that there was a final judgment on the merits of the 2004 Lawsuit; the parties to the Third-Party Complaint are the same or in privity with the parties in the 2004 Lawsuit; and the claims asserted in the Third-Party Complaint are identical to those decided in, or to claims that could have been properly litigated in, the 2004 lawsuit.[6] See E. Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 159-60, 296 P.3d 1062, 1067-68 (2013); see also Greenwell v. Palani Ranch Co., No. CAAP-17-0000704, 2021 WL 5541895, at * 6 (App. Nov. 26, 2021) (mem.)

---

[6] The Frueans presented a claim-by-claim comparison of the 2004 Lawsuit and the Third-Party Complaint and thereby demonstrated that each of the ten claims asserted in the Third-Party Complaint was identical to a claim asserted in the 2004 Lawsuit, or involved facts and circumstances alleged in the 2004 lawsuit, such that the claim asserted in the Third-Party Complaint could have been properly litigated in the 2004 Lawsuit. See E. Sav. Bank, 129 Hawaiʻi at 160-61, 296 P.3d at 1068-69. In addition, Schmidt conceded that "the claims against the Frueans . . . would be derivative of the claims of fraud made against Ruthruff, et al.," which fraud allegations were asserted in the 2004 Lawsuit. (Formatting altered.)

(recognizing that "a grantee is in privity with his grantor" for purposes of claim preclusion (quoting <u>Tibbetts v. Damon</u>, 17 Haw. 203, 205 (Haw. Terr. 1905))).  At minimum, the Furueans established that the doctrine of claim preclusion barred the claims asserted in the Third-Party Complaint.  Thus, the Circuit court did not err in concluding there was no genuine issue as to any material fact and that the Frueans were entitled to judgment as a matter of law as to the Third-Party Complaint.

Schmidt appears to make no discernible argument in support of his contention that the Circuit Court erred in granting that part of the Motion for Summary Judgment that sought to expunge the Notice of Pendency of Action.  <u>See</u> HRAP Rule 28(b)(7).  In any event, on this record, we conclude that the Circuit Court did not abuse its discretion in granting the motion to expunge the Notice of Pendency of Action.

For the reasons discussed above, we affirm the September 19, 2018 Judgment, entered in favor of Third-Party Defendants-Appellees Siona Fruean, Carleen Leinaʻala Fruean, Melcolm K. Perreira, and Alicia A. Perreira by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, November 16, 2022.


On the briefs:

Thomas F. Schmidt,
Self represented Defendant/
Counterclaimant/Third-Party
Plaintiff-Appellant.

Jerry A. Ruthruff,
for Third-Party Defendants-
Appellees Melcolm K. Perreira,
Alicia A. Perreira, Siona
Fruean, and Carleen Leinaʻala
Fruean.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge

8