NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVAN AULD-SUSOTT, as Trustee for
(1) Irrevocable Life Insurance Trust of John
L. Susott & Kathryn C. Susott UAD
8/17/1988 as Restated, Exempt Trust fbo
Daniel C. Susott, & (2) Irrevocable Life
Insurance Trust of John L. Susott & Kathryn
C. Susott UAD 8/17/1988 as Restated,Non-
Exempt Trust FBO Daniel C. Susott; JOHN
L. SUSOTT,

Plaintiffs-Appellees,

v.

LAURYN GALINDO; DANIEL C.
SUSOTT,

Defendants-Appellants.

No. 21-17078

D.C. No. 1:20-cv-00270-LEK-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 17, 2023
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

Plaintiffs Evan Auld-Susott and John Susott ("Plaintiffs") successfully

obtained substantial judgments in California state court against Defendant Daniel

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

Susott ("Daniel"). Contending that the judgments remain unsatisfied even after the recording of judgment liens against one of Daniel's properties, Plaintiffs have sought to impose a constructive trust on a condominium in Honolulu that Daniel first transferred to Defendant Lauryn Galindo ("Galindo") in 2010, before Plaintiffs' California state lawsuits were filed. Plaintiffs had filed an earlier federal action in 2016 against Galindo only, and in that suit they succeeded in obtaining a ruling in 2019 that voided the 2010 transfer as a fraudulent conveyance, thereby returning title to the condominium to Daniel. However, the district court declined to impose a constructive trust on the property in its 2019 ruling, because it concluded that a return of the property to Daniel would be a sufficient remedy that would make the condominium available for enforcement of the judgments. But within days of the ruling undoing the transfer to Galindo, Daniel simply deeded the property back to Galindo. Plaintiffs thereupon brought this action against both Galindo and Daniel in 2020. The district court ultimately granted summary judgment to Plaintiffs, voided the 2019 deed from Daniel to Galindo, imposed a constructive trust on the condominium, and appointed a trustee. This appeal followed.

1. The district court erred in finding that collateral estoppel barred Daniel from relitigating matters decided in the 2016 lawsuit against Galindo.

Because the 2016 federal lawsuit rested on diversity jurisdiction, and there is

2

no sense in which Hawaii prelusion law is "incompatible with federal interests," Hawaii law governs the preclusive effect of the 2019 judgment rendered in that case. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001). Under Hawaii law, a person is bound by a prior judgment only if that person was a party to the prior suit or is in privity with such a party. *Dorrance v. Lee*, 976 P.2d 904, 910 (Haw. 1999); *cf. Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (applying a similar rule in federal preclusion law). In finding that Daniel was in privity with Galindo as a matter of law, the district court relied on the premise that their interests with respect to the prior 2016 action against Galindo "were identical; each wanted the transfer of property found valid." This was error.

A mere commonality of interests is insufficient to establish privity under Hawaii law. Rather, there must be a sufficient showing "that the relationship between the one who is a party of record and another is close enough to include that other within the res adjudicata." *In re Herbert M. Dowsett Tr.*, 791 P.2d 398, 402 (Haw. Ct. App. 1990) (citations and internal quotation marks omitted). Plaintiffs bore the burden of establishing such a relationship between Daniel and Galindo. *See id.* at 402–03. They failed to carry that burden.

There has been no showing that Daniel "had the same opportunity" as Galindo "to control the [prior] proceedings," nor has it been shown that Galindo was "appointed" to represent Daniel's "interests by any valid procedure." *Lingle v.*

3

*Haw. Gov't Emps. Ass'n*, 111 P.3d 587, 596 (Haw. 2005); *see also Bush v. Watson*, 918 P.2d 1130, 1136–37 (Haw. 1996) (holding that even a person's participation as an amicus curiae in a suit was insufficient to establish privity absent a showing that "the nonparty and party had the same practical opportunity to control the course of the proceedings"). Although the district court's 2019 ruling noted the close, almost familial relationship between Galindo and Daniel, a "close family relationship, without more, 'is not enough to bind a nonparty to a judgment.'" *In re Dowsett Tr.*, 791 P.2d at 403 (citation omitted). And, finally, this is not a situation in which Daniel—the original owner—can be characterized as a successive property owner whose rights to the property derive from a grant from the losing litigant. *Cf. Tibbetts v. Damon*, 17 Haw. 203, 205 (1905) ("So far as estoppel by former judgment is concerned, a grantee is in privity with his grantor, but the converse is not true that a grantor is in privity with his grantee."). The prior litigation simply voided *Galindo's* interests in the property, leaving in place Daniel's *pre-existing* rights. In short, Plaintiffs failed to establish that, as a matter of law, Galindo "adequately represented the interests and properly protected the rights" of Daniel in the prior litigation. *In re Dowsett Tr.*, 791 P.2d at 402–03 (identifying these factors as "major considerations in privity analysis").[1]

---

[1] If we were to apply federal preclusion principles, we would, for similar reasons, reach the same conclusion that Susott is not bound by Galindo's loss in the prior litigation. *See Taylor*, 553 U.S. at 893–98, 904.

2.  The district court did not abuse its discretion in denying Defendants' motions to disqualify Judge Kobayashi under 28 U.S.C. § 455(a).  Defendants have not alleged that the judge was biased due to an "extrajudicial source," but instead rely only on her rulings and comments during the course of the entire litigation.  To prevail on such a theory, Defendants had to show that the judge's rulings and comments "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The district court properly concluded that this high standard had not been met.  The district court obviously did not view Defendants' conduct with favor, but that is not enough to warrant recusal.  *Cf. id*. at 550–51 (stating that a judge is not "recusable for bias" merely because, after hearing the evidence of the defendant's behavior at trial, the judge is "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person").  While the judge's criticisms here were often pointed, it was not an abuse of discretion to conclude that they were not "so extreme as to display clear inability to render fair judgment."  *Id*. at 551.

3.  Because the district court's summary judgment ruling placed critical reliance on its application of preclusion principles, we must vacate that summary judgment as to Daniel.  Galindo, however, *is* bound by the findings made in connection with the 2019 judgment.  Nonetheless, because the district court's

5

ultimate conclusions and remedy were predicated on its across-the-board application of preclusion principles, we vacate the district court's summary judgment in its entirety, leaving it to that court on remand to reexamine in the first instance the extent to which summary judgment may be warranted given that preclusion principles apply only as against Galindo.[2]

**VACATED AND REMANDED.**[3]

---

[2] Our vacatur of the summary judgment, which takes effect upon the issuance of this court's mandate, necessarily vitiates the grounds on which the existing constructive trust rests. Nothing in our decision, however, should be construed as expressing a view as to whether or not, in light of our decision, the district court on remand could properly provide interim relief with respect to the property at issue pending further proceedings. Any such matter would appropriately be raised in the district court in the first instance.

[3] Defendants' motion to supplement the record on appeal is denied as moot.